STATE OF CONNECTICUT *v.* CEDRIC S.*
(AC 17174)

Schaller, Dupont and Shea, Js.

Argued December 17, 1998—officially released January 19, 1999

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Lauren Weisfeld*, assistant public defender, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Cecilia Weiderhold*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant appeals from the judgments of conviction of four counts of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134. The convictions were based on the defendant's conditional plea of nolo contendere and written reservation entered into pursuant to General Statutes § 54-94a and Practice Book § 61-6. Pursuant to those provisions, the defendant reserved for review his motions to dismiss, which challenged the constitutionality of the automatic transfer provision of General Statutes § 46b-127 (a).

The defendant presents two claims on appeal. The first challenges the constitutionality of the automatic transfer provision of General Statutes § 46b-127 (a). Our Supreme Court's decision in *State* v. *Angel C.*, 245 Conn. 93, 715 A.2d 652 (1998), is controlling with regard to that issue and requires affirmance of the trial court's decision. The second claim is that the trial court abused its discretion when it denied the defendant's application for youthful offender status under General Statutes §§ 54-76b through 54-76o. As the defendant conceded at oral argument, his appeal is limited by the conditional plea and written reservation. Neither General Statutes § 54-94a nor Practice Book § 61-6 encompasses the claim regarding the trial court's exercise of discretion in denying youthful offender status to the defendant. Accordingly, this claim is not reviewable.

The judgments are affirmed.