STATE OF CONNECTICUT *v.* HECTOR REVELO
(AC 17757)

Foti, Landau and Shea, Js.

---

Argued February 24—officially released October 12, 1999

*Alix C. Walmsley,* deputy assistant public defender, with whom was *Pamela Nagy,* assistant public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* senior assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Cynthia Serafini,* assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Hector Revelo, appeals from the trial court's judgment of conviction of sale of illegal drugs in violation of General Statutes § 21a-278 (a)[1]

---

[1] General Statutes § 21a-278 (a) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person one or more preparations, compounds, mixtures or substances containing an aggregate weight of one ounce or more of heroin, methadone or cocaine or an aggregate weight of one-half gram or more of cocaine in a free-base form or a substance containing five milligrams or more of lysergic acid diethylamide, except as authorized in this chapter, and who is not, at the time of such action, a drug-dependent person, shall be imprisoned for a minimum term of not less

rendered after a conditional plea of nolo contendere pursuant to General Statutes § 54-94a.[2] On appeal, the defendant challenges the trial court's conclusion that there was probable cause for a search of his apartment and claims that the court violated his constitutional rights by adding one additional year to his sentence because he insisted on a determination of his motion to suppress. We affirm the judgment of the trial court.

I

The defendant challenges the sufficiency of the facts stated in the warrant affidavit to support the finding of probable cause to search his apartment. The affidavit for the search warrant, pursuant to which the defendant's apartment was searched and found to contain illegal drugs, was signed by two Waterbury police officers claiming to have a combined total of forty years training and experience and to have conducted numerous narcotics investigations resulting in arrests and convictions. It stated that within the two weeks prior to the search warrant application, members of the vice and intelligence division of the Waterbury police department had received information that the defendant was using Apartment K at 103 Hamden Avenue as a drug factory and that a Hispanic male known as "Tito" was delivering drugs for the defendant.

than five years nor more than twenty years; and, a maximum term of life imprisonment. . . ."

[2] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

The affidavit then set forth the following narrative: "That within the past few days, a known and reliable confidential informant, who has given the Waterbury police department information that has led to arrests and convictions, came forward and agreed to make a controlled purchase of cocaine from the Hispanic male known as 'Tito.' The informant was searched for drugs and none were found. The informant was given Waterbury police funds for the sole purpose of purchasing cocaine from . . . Tito. The informant then contacted . . . Tito by telephone and arranged a purchase of cocaine at a prearranged location. A surveillance was set up on [the defendant's apartment]. . . . [The defendant] was observed operating a 1988 Dodge Caravan . . . and drove to [his apartment] and entered [it] using a key. . . . A short time later . . . Tito was observed operating a 1983 Toyota Starlet . . . and he was also observed entering [the apartment] using a key. A short time later both parties exited [the apartment] and left in their vehicles. . . .

"Tito was followed to the prearranged location where he met the informant. While under surveillance the informant was observed meeting with . . . Tito. After the meeting the informant then went directly to this affiant and turned over a white powder substance. The informant said that the white powder substance was purchased from . . . Tito. . . . The surveillance was continued and . . . Tito was observed going directly [back to the defendant's apartment] where he met with [the defendant] outside and . . . Tito gave [the defendant] money. . . . "

Although the defendant challenges the sufficiency of the facts stated in the warrant affidavit to support the finding of probable cause to search his apartment, he does not dispute their veracity. The judge who denied the defendant's motion to suppress concluded that the

affidavit "presented a substantial factual basis, including reasonably drawn inferences, that uphold the validity of the warrant and the magistrate's conclusion that probable cause existed."

The defendant relies primarily on *State* v. *DeChamplain*, 179 Conn. 522, 427 A.2d 1338 (1980), in claiming that the facts set out in the warrant application do not establish a sufficient connection between his apartment and the illegal drugs that were delivered to the affiant officer by the informant. In *DeChamplain*, a case involving a similar controlled buy, there was no indication that the drugs delivered to the informant by the seller came from the apartment in question other than the fact that the seller's car was observed parked near the apartment prior to the sale. According to our Supreme Court, "[i]t was just as likely that the marihuana sought to be seized was in another location—for example, in another apartment in the complex or in the [seller's car]—as it was that it was in [the apartment searched]." Id., 532.

The case before us is readily distinguishable. The fact that Tito, after agreeing to meet the informant to sell him illegal drugs, immediately drove to the defendant's apartment and arrived almost simultaneously with the defendant indicates some communication between them to arrange the meeting for a purpose related to that communication. If Tito already had possessed a supply of drugs sufficient to complete the sale to the informant, it is unlikely that he would have made a special trip to the defendant's apartment prior to meeting with the informant.

Further, Tito's return to the defendant's apartment after delivering the drugs to the informant, and his payment of money to the defendant there, indicates the significance of the apartment as the center of the drug distribution operation. "In making his determination on

the issue of probable cause, the magistrate is entitled to rely on the ordinary dictates of common experience and on his own common sense." *State* v. *Bember*, 183 Conn. 394, 412, 439 A.2d 387 (1981). We conclude that the facts contained in the search warrant application support a reasonable inference that the apartment was the source of the drugs delivered by Tito to the informant and that additional drugs probably would be found there. We conclude that the trial court properly found that probable cause existed to issue the search warrant and, therefore, properly denied the defendant's motion to suppress.

II

The defendant next claims that he was penalized for exercising his right to a judicial determination of his motion to suppress the evidence obtained as a result of the warrant. The basis for this claim is the plea bargain made before the trial court denied the defendant's motion to suppress.

The defendant was charged in a four count information with two counts of selling illegal drugs in violation of § 21a-278 (a), one count of operating a drug factory in violation of General Statutes § 21a-277 (c) and one count of risk of injury to a child in violation of General Statutes § 53-21. On June 17, 1997, the trial court announced that a plea offer of "eight years to serve in jail" had been made to the defendant, but that the defendant wanted a hearing on his motion to suppress. The court stated further that if the defendant wanted to plead guilty after losing that motion, the sentence would be nine years instead of eight years. The defendant responded that he understood.[3]

---

[3] The colloquy between the trial court and the defendant was as follows:

"[The Court]: Now, in this matter, Mr. Revelo, I offered you eight years to serve in jail. You understand that? Si or no? And you want to have a hearing on a motion to suppress, right?

"The Defendant: Yes.

Two weeks after the denial of his motion to suppress,[4] the defendant accepted an offer of a plea bargain for a definite sentence of nine years imprisonment on the charge of sale of illegal drugs, reserving the right to appeal the denial of his motion to suppress pursuant to § 54-94a. The state agreed to nolle the three remaining charges. After canvassing the defendant about his understanding of the consequences of a nolo contendere plea and informing him that a sentence of nine years imprisonment would be imposed under the plea agreement, the trial court accepted the plea on the charge of selling illegal drugs. At the conclusion of the proceeding, the court imposed a sentence of nine years in the custody of the commissioner of correction.

The defendant contends that the trial court added one year to the eight year sentence offered as punishment for the charged offense to induce the defendant to waive his constitutional and statutory rights to a judicial determination of his motion to suppress. He claims that the additional year of imprisonment was imposed for exercising his statutory and constitutional rights to contest the validity of the search warrant by filing a motion to suppress and therefore violated his right to due process.

The state maintains that the due process issue raised by the defendant is not reviewable because § 54-94a limits the bases of appeals from denials of motions to suppress evidence allegedly obtained from unreasonable searches or seizures. Section 54-94a provides in relevant part that "[t]he issue to be considered in such

---

"The Court: And if you lose that motion and you want to plead, it's nine years, not eight years. You understand that?

"The Defendant: Yes."

[1] The motion to suppress the evidence obtained from the search of the defendant's apartment was heard and decided by a judge different from the one who imposed the sentence.

an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. . . ." The issue of the propriety of the denial of the defendant's motion to suppress was properly preserved for appellate review in accordance with § 54-94a and Practice Book § 61-6 (a), formerly § 4003, and we have upheld the denial of that motion in part I of this opinion.

The defendant argues, nevertheless, that his claim that the trial court imposed one additional year of imprisonment because he refused to relinquish his right to a judicial determination of his motion to suppress satisfies the criteria established by *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), for appellate review of unpreserved constitutional claims: "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) We do not agree that this claim is reviewable, however, because it is not properly before us on appeal.

"What § 54-94a does is abrogate, in certain circumstances, the waiver of constitutional rights that [are] implicit in a guilty or nolo contendere plea." (Internal quotation marks omitted.) *State* v. *Piorkowski*, 236 Conn. 388, 401, 672 A.2d 921 (1996). The conditions of § 54-94a, however, must be strictly construed and claims that are not encompassed within the statute should not be considered. *State* v. *Sebastian*, 41 Conn. App. 530, 534, 677 A.2d 437, cert. denied, 238 Conn. 906, 679 A.2d 365 (1996); see *State* v. *Madera*, 198 Conn.

92, 99, 503 A.2d 136 (1985). Section 54-94a does not encompass the claim made by the defendant and, therefore, it is not reviewable. See *State* v. *Cedric S.*, 51 Conn. App. 539, 540, 722 A.2d 299 (1999).

Under the particular circumstances of this case, the defendant knew exactly what was being offered after his motion to suppress was denied, i.e., a sentence of nine years on one count of a four count information, reserving the right to appeal pursuant to § 54-94a. He was free to refuse the offer and to exercise his constitutional right to a trial. Instead, he chose to accept it, knowingly and freely, with the advice and assistance of an attorney, and with a full understanding of the consequences of entering such a plea, as explained to him by the trial court.

As long as the defendant is free to accept or reject the offer, there is no element of punishment or retaliation. *Bordenkircher* v. *Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978). By entering his plea of nolo contendere pursuant to § 54-94a, he accepted the condition of the statute that "[t]he issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress . . . ." A review of the plea canvass reveals that the defendant expressly stated that he understood that the only issue he could raise on appeal was whether the trial court improperly denied his motion to suppress.[5]

---

[5] During the plea canvass, the court inquired of the defendant as follows:
"The Court: Now, the agreement is nine years; do you understand that?
"[The Defendant]: Yes. . . .

"The Court: You filed a written plea of nolo contendere. It's a conditional plea of nolo contendere in that you want the right to take an appeal from Judge Gill's denial of your motion to suppress evidence based on [an unreasonable] search or seizure; do you understand that?

"[The Defendant]: Yes.

"The Court: And the issue to be considered in such an appeal is solely, and limited to, whether it was proper for the court to have denied the motion to suppress. Do you understand that?

"[The Defendant]: Yes.

Further, the defendant's written and signed plea of nolo contendere offered pursuant to § 54-94a specifically stated that the plea was being entered on the condition that he had the right to take an appeal, with the following motion reserved for review: "Denial of motion to suppress by Judge Gill."[6] We conclude, therefore, that the defendant does not have the right to raise on appeal the issue he asks us to review. Accordingly, we will not review his claim.

The judgment is affirmed.

In this opinion LANDAU, J., concurred.

SHEA, J., dissenting. I agree with part I of the majority opinion, which upholds the denial of the motion to suppress. I disagree with part II, however, in which the majority refuses to address the claim of the defendant that his constitutional right to due process of law was violated when the trial court sentenced him to one additional year of confinement because he insisted on a judicial determination of his motion to suppress. I believe that the defendant's claim satisfies the criteria established by *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), for appellate review of unpreserved claims of constitutional error and also presents an occasion for the exercise of our supervisory authority over proceedings on appeal. I conclude that the additional year of confinement imposed on the defendant as a penalty for exercising his lawful right to pursue his motion to suppress is contrary to due process of law and, therefore, invalid.

---

"The Court: Okay. You pleaded no contest. You're not admitting that the drugs were yours. You've entered your plea to accept the sentence of nine years rather than go to trial where you acknowledged the state would have had substantial evidence to convict you and if convicted, you could have received a more severe penalty; do you understand that?

"[The Defendant]: Yes."

[6] The plea, dated August 28, 1997, was accepted by the trial court and was conditioned pursuant to § 54-94a.

The majority does not dispute the defendant's claim that the trial court added one additional year to his sentence for the crime as a penalty for pursuing his motion to suppress because the state has suggested no other explanation for the plea bargain offer of eight years made by the trial court[1] if that motion was abandoned but nine years if the motion was denied after a hearing. The majority maintains, however, that the defendant's constitutional claim cannot be reviewed in this appeal because the statute authorizing an appeal from the denial of a motion to suppress, General Statutes § 54-94a,[2] provides that "[t]he issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. . . ."

I

I agree with the defendant that his claim that the trial court imposed one additional year of imprisonment on him because he refused to relinquish his right to a judicial determination of his motion to suppress satisfies the criteria established by *State* v. *Golding,* supra, 213 Conn. 239–40, for appellate review of unpreserved claims: "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant

[1] The use of the first person singular by the trial court suggests that the court was engaged in plea bargaining in presenting the options of an eight or nine year sentence to the defendant depending on whether he pursued or abandoned his motion to suppress. Judicial participation in the plea bargaining process has been disapproved. *State* v. *Fullwood,* 194 Conn. 573, 580–81, 484 A.2d 435 (1984); *State* v. *Gradzik,* 193 Conn. 35, 47, 475 A.2d 269 (1984). We presume, however, that the court was merely reciting an offer that had been made by the prosecutor.

[2] See footnote 2 of the majority opinion.

of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.)

The majority does not maintain that the defendant's claimed violation of his right to due process of law does not satisfy the four *Golding* criteria for appellate review of unpreserved claims. Instead, it contends that such review is not available in an appeal pursuant to § 54-94a because of the provision in that statute limiting the issue on appeal to "whether it was proper for the court to have denied the motion to suppress" and the defendant's acceptance of a plea agreement providing for a nine year sentence with a right to appeal the ruling on his motion. Implicitly, the majority regards § 54-94a as a restriction on the jurisdiction of an appellate court to consider issues raised in an appeal that are not specified in the statute. It relies on decisions involving nolo contendere pleas pursuant to § 54-94a in which defendants have attempted unsuccessfully to raise issues other than those specified, such as *State* v. *Madera*, 198 Conn. 92, 99, 503 A.2d 136 (1985), *State* v. *Sebastian*, 41 Conn. App. 530, 534, 677 A.2d 437, cert. denied, 238 Conn. 906, 679 A.2d 365 (1996), and *State* v. *Cedric S.*, 51 Conn. App. 539, 540, 722 A.2d 299 (1999). In none of those cases, however, was it claimed that the issues the defendant sought to raise qualified for review pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40. In two of them, *Madera* and *Sebastian*, the court recognized that the authority of an appellate court over proceedings on appeal was not subject to the restriction of § 54-94a on the issues to be considered on appeal. "The question remains whether we should exercise our inherent supervisory authority over the administration of justice . . . and adopt a procedure that would allow criminal defendants to enter pleas based upon conditions other than those specified in § 54-94a." (Citations omitted.)

*State* v. *Madera,* supra, 99–100. "[I]n appropriate circumstances we will exercise our powers of supervision and control over proceedings on appeal in the spirit of the purpose of our rules, namely to facilitate business and advance justice." *State* v. *Sebastian,* supra, 537–38.

This court has explicitly rejected the view of the majority that § 54-94a restricts the subject matter jurisdiction of an appellate court to consider issues involved in an appeal beyond those specified in the statute. "When viewed in light of the definition of subject matter jurisdiction and the statutes that create such jurisdiction, it becomes clear that § 54-94a neither confers nor curtails appellate subject matter jurisdiction." *State* v. *Piorkowski,* 37 Conn. App. 252, 258, 656 A.2d 1046 (1995), rev'd on other grounds, 236 Conn. 388, 672 A.2d 921 (1996). Our Supreme Court has adopted the same position: "We agree with the defendant and the Appellate Court that § 54-94a is not a subject matter jurisdictional statute." *State* v. *Piorkowski,* 236 Conn. 388, 400, 672 A.2d 921 (1996). It is clear, therefore, that this court has jurisdiction to consider an unpreserved claim that a sentence violates a defendant's constitutional rights if the *Golding* criteria are satisfied or if the claim presents an appropriate occasion for the exercise of our supervisory authority over proceedings on appeal. I believe the defendant's claim that his right to due process of law was violated by the sentence imposed qualifies for appellate review on both those grounds.

II

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort . . . ." (Citation omitted.) *Bordenkircher* v. *Hayes,* 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978). Nevertheless, courts have implicitly or explicitly approved tactics used by prosecutors in offering various inducements to persuade

defendants to waive their constitutional rights to a trial or appeal by pleading guilty. "Whatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system." *Blackledge* v. *Allison*, 431 U.S. 63, 71, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). The many considerations that ultimately result in a plea bargain agreed on by the parties seldom appear on the record and are usually irrelevant after a guilty plea has been accepted by the court.

This case, however, involves the burdening of the defendant's constitutional and statutory right to a judicial determination of his motion to suppress by a penalty imposed by the trial court of one additional year of imprisonment for exercising that right. It is commonplace in the plea bargaining process for defendants to waive similar rights, such as the right to a jury trial or to an appeal, at the behest of the prosecutor in reaching plea agreements. A defendant is free to waive his rights to achieve the most favorable disposition of his case that is available. A prosecutor may use what leverage he has in attempting to obtain guilty pleas in most cases to expedite the movement of cases through the criminal justice system. Normally, without any participation by the trial court in the plea bargaining process, the result is a guilty plea with an agreed sentencing recommendation fitting within the standard parameters. Once an agreement is reached and a guilty plea is accepted by the trial court, the various factors that produce that result have no further significance. The case is concluded except for the actual sentencing judgment.

In this case, no such final conclusion was reached because the defendant entered a plea of nolo contendere, reserving his right to appellate review of the denial of his motion to suppress pursuant to § 54-94a. This is not simply a case of plea bargaining between the

prosecutor and the defendant with no restraints on either party, as the majority maintains. The record makes it clear that the court was the agent that burdened the defendant's right to a judicial determination of his motion to suppress by sentencing him to one additional year of confinement for exercising that right. Although *Bordenkircher* v. *Hayes*, supra, 434 U.S. 357, relied on by the majority, appears to give prosecutors carte blanche in the plea bargaining process, it provides no shield for judges. I agree with the defendant that the additional year added to his sentence was contrary to due process of law because it was punishment for doing "what the law plainly allow[ed] him to do . . . ." (Citation omitted.) Id., 363.

### III

"Section 54-94a is intended to promote judicial economy by allowing the parties to litigate a suppression or dismissal issue fully in the trial court, and thereafter allowing the defendant to obtain review of an adverse ruling without the parties' or the court's expending additional resources." (Internal quotation marks omitted.) *State* v. *Piorkowski*, supra, 236 Conn. 402, quoting *State* v. *Piorkowski*, supra, 37 Conn. App. 259. Quite apart from whether the imposition of a penalty of one additional year of imprisonment for pursuing the motion to suppress in the trial court violates the defendant's right of due process, it is evident that such a penalty is inconsistent with the legislative purpose of § 54-94a to promote judicial economy. If the penalty were five or ten years of additional imprisonment instead of the fairly modest one year imposed on this defendant, few defendants would attempt to use that statute to preserve their right to appellate review of the denial of a motion to suppress. They could simply proceed to trial and appeal from the judgment of conviction, raising the denial of the motion as a ground for reversal as well

as making other claims. The salutary purpose of § 54-94a in expediting the disposition of criminal cases would be thwarted and the statute might become a dead letter.

This case presents an appropriate occasion for the exercise of our supervisory authority over proceedings on appeal "to facilitate business and advance justice." *State* v. *Sebastian*, supra, 41 Conn. App. 537–38. As an appellate court, we ought not to permit trial courts to penalize the exercise of a defendant's right to a judicial determination of his motion to suppress evidence claimed to have been obtained illegally. The legislature has enacted § 54-94a to encourage defendants to use the expedited procedure it provides for resolving a case where the only substantial issue is the validity of a search or the admissibility of a confession. I believe that imposing additional punishment on a defendant who seeks a judicial determination of his motion to suppress will thwart the legislative purpose of that enactment.