STATE OF CONNECTICUT *v.* BRIAN C. POTTER

Superior Court, Geographical Area No. 20 at Norwalk

File No. MV-04-439333

---

Memorandum filed September 28, 2004

*Joseph Dimyan*, for the defendant.

*Robert G. Hall, Jr.*, supervisory assistant state's attorney, for the state.

HON. WILLIAM F. HICKEY, JR., JUDGE TRIAL REFEREE. The defendant, Brian C. Potter, has applied for youthful offender status with respect to a single count of negligent homicide with a motor vehicle in violation of General Statutes § 14-222a.[1] The issue presently before the court is whether negligent homicide with a motor vehicle is one of the crimes to which youthful offender status may be applied.

Youthful offender status is governed by General Statutes §§ 54-76b through 54-76n. General Statutes § 54-76b defines youth as "a minor who has reached the age of sixteen years but has not reached the age of eighteen years or a child who has been transferred to the regular criminal docket pursuant to section 46b-127 . . . ." A youth is eligible for youthful offender status if he "(1) is charged with the commission of a *crime* which is not a class A felony or a violation of subdivision (2) of subsection (a) of section 53-21, section 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a or 53a-72b, except a violation involving consensual sexual intercourse or sexual contact between the youth and another person who is thirteen years of age or older but under sixteen years of

---

[1] General Statutes § 14-222a provides: "Negligent homicide with a motor vehicle. Any person who, in consequence of the negligent operation of a motor vehicle, causes the death of another person shall be fined not more than one thousand dollars or imprisoned not more than six months or both."

age, (2) has not previously been convicted of a felony or been previously adjudged a serious juvenile offender or serious juvenile repeat offender, as defined in section 46b-120, or a youthful offender, or been afforded a pretrial program for accelerated rehabilitation under section 54-56e, and (3) is adjudged a youthful offender . . . ." (Emphasis added.) General Statutes § 54-76b. The granting or denial of an application for youthful offender status is within the discretion of the court. See General Statutes § 54-76d; *State* v. *Salmond*, 69 Conn. App. 81, 88, 797 A.2d 1113, cert. denied, 260 Conn. 929, 798 A.2d 973 (2002).

In his application for eligibility for youthful offender status, the defendant represented to the court that at the time of the accident he was seventeen years old, that he had not been charged with one of the crimes proscribed by § 54-76b, and that he had not previously been adjudged a serious juvenile offender or serious juvenile repeat offender, been convicted of a felony or utilized the accelerated rehabilitation program.[2] The defendant's eligibility for youthful offender status depends on whether negligent homicide with a motor vehicle is a crime within the meaning of § 54-76b.

When engaging in statutory interpretation, this court is bound by the legislative mandate of No. 03-154 of the 2003 Public Acts. Public Acts 2003, No. 03-154, provides that "[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of the text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

---

[2] Pursuant to General Statutes § 54-76c, the defendant consented to an investigation by the office of adult probation to confirm these representations.

The term crime is not defined in § 54-76b; however, it is defined elsewhere in the General Statutes. General Statutes 53a-24 (a) of the Penal Code defines crime as "compris[ing] felonies and misdemeanors." A misdemeanor, also defined in the Penal Code, is defined as "[a]n *offense* for which a person may be sentenced to a term of imprisonment of not more than one year . . . ." (Emphasis added.) General Statutes § 53a-26 (a). In addition, § 53a-26 (c) provides that "[a]ny *offense* defined in any other section of the general statutes which, by virtue of an expressly specified sentence, is within the definition set forth in subsection (a) shall be deemed an unclassified misdemeanor." (Emphasis added.) General Statutes § 53a-26 (c). For a misdemeanor to be a crime and, therefore, qualify as a crime to which youthful offender status may be applied, the violation of the statute in question must be an offense. An offense is defined as "any crime or violation which constitutes a breach of any law of this state or any other state, federal law or local law or ordinance of a political subdivision of this state, for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, except one that defines a motor vehicle violation or is deemed to be an infraction." General Statutes § 53a-24 (a).

The defendant concedes that negligent homicide with a motor vehicle does not qualify as a crime under the definitions of the Penal Code. See *State* v. *Kluttz*, 9 Conn. App. 686, 521 A.2d 178 (1987).[3] Notwithstanding

---

[3] In *State* v. *Kluttz*, supra, 9 Conn. App. 693, our Appellate Court concluded that "negligent homicide with a motor vehicle is not a 'crime' within the meaning of . . . § 53a-24 (a) because it is not an 'offense,' but rather, it is a 'motor vehicle violation.'" The court noted that § 14-222a was enacted in 1981 specifically " '[t]o classify negligent homicide with a motor vehicle as a motor vehicle violation rather than a criminal offense in the penal code.'" Id., 697, quoting House Bill No. 5079 (1981). This classification as a motor vehicle violation rather than a criminal offense was an acknowledgment by the legislature of the fact that "the conduct proscribed . . . involved only ordinary civil negligence . . . [whereas] criminal statutes should involve some criminal mens rea, and involve blameworthy conduct beyond simple

this accepted classification, the defendant urges this court to exercise its discretion and find that a violation of § 14-222a is a crime for purposes of the youthful offender statute. In support of this argument, the defendant notes that although the Appellate Court in *Kluttz* found that negligent homicide with a motor vehicle was not an offense as defined by the Penal Code, it was, nonetheless, an offense for purposes of the lesser included offense doctrine. That decision was based on an acknowledgment of the Supreme Court's support for the application of the lesser included offense doctrine to motor vehicle violations and on the function and doctrinal roots of the doctrine itself. Here, there is no such Supreme Court support for application of youthful offender status to motor vehicle violations, nor does the function or legislative history of the youthful offender statute mandate application of the statute to motor vehicle violations.[4]

---

negligence." (Citations omitted; internal quotation marks omitted.) *State* v. *Kluttz*, supra, 697. The court further explained that "[w]hen one drives negligently and causes the death of another, the result is so serious that it calls for severe potential consequences to the wrongdoer, namely, a $1000 fine or six months imprisonment, or both. Nonetheless, the kind of wrongful conduct proscribed by the statute can be relatively minor, and the statute does not require any traditional mens rea. Thus, the person who violates the statute should not be considered as having committed a criminal offense." Id., 698.

[4] The defendant directs the court to *State* v. *Guckian*, 226 Conn. 191, 202, 627 A.2d 407 (1993), in which the Supreme Court held that violation of General Statutes § 14-215 (c), prohibiting the operation of a motor vehicle while the driver's license is suspended, was a crime for purposes of qualifying for the alcohol abuse treatment program. The alcohol abuse treatment program at issue in *Guckian* specifically excluded certain motor vehicle violations from eligibility for the program. The court concluded that there was no reason to exclude certain motor vehicle violations if they were not eligible for the alcohol abuse treatment program. *State* v. *Guckian*, supra, 201. The youthful offender statute does not contain any exemptions of motor vehicle violations. Moreover, it is a general principle of statutory interpretation that "[t]he legislature is presumed to act with knowledge of existing statutes and with the intent to create one consistent body of law." *Fort Trumbull Conservancy, LLC* v. *Planning & Zoning Commission*, 266 Conn. 338, 352–53, 832 A.2d 611 (2003). The legislature is presumed to have known when it enacted negligent homicide with a motor vehicle as a motor vehicle

Because motor vehicle violations are specifically excluded from the definition of an offense, and, therefore, from the definition of a crime, negligent homicide with a motor vehicle is not a crime to which youthful offender status may be applied. The court, therefore, denies the defendant's application for youthful offender status.

---

violation that such violations were excluded from the definition of offense, and, therefore, excluded from the definition of crime.