# STATE OF CONNECTICUT *v.* BRIAN C. POTTER
## (AC 26162)

Flynn, Bishop and DiPentima, Js.*

Argued January 3—officially released April 25, 2006

* The listing of judges reflects their status on this court as of the date of oral argument.

*Michael P. Regan,* for the appellant (defendant).

*Robert J. Scheinblum,* senior assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attorney, and *Robert G. Hall, Jr.,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Brian C. Potter, appeals from the judgment of conviction, following his conditional plea of nolo contendere, of negligent homicide with a motor vehicle in violation of General Statutes § 14-222a. He claims that the trial court (1) improperly concluded that negligent homicide with a motor vehicle was not a "crime" that made him eligible for youthful offender status pursuant to General Statutes § 54-76d and (2) abused its discretion in concluding that the violation he committed was of too serious a nature to permit him to be sentenced as a youthful offender. Because the defendant entered a plea of nolo contendere, he has no statutory right of appeal by which to request review of his claims. We therefore dismiss the appeal.

The defendant entered a plea of nolo contendere to the state's recitation of the following facts. On December 12, 2003, at approximately 7:30 p.m., police in Wilton received a report of an accident in the northwest area of town, where a car had struck a tree. Officers with the Wilton police department responded to the scene of the accident. They determined that the defendant, who was seventeen years old at the time, had been operating a 1990 BMW while traveling northbound on Whipstick Road in Wilton. The only passenger in the car was the victim, Matthew Shaw, who was sixteen years old.

The accident occurred while the defendant was cresting a small hill on Whipstick Road. The road turned slightly to the right at the bottom of the hill and back slightly to the left at the crest of the hill. As he crested the hill, the defendant lost control of the vehicle. The vehicle rotated to the right and slid in a yaw for 124 feet, crossing the southbound lane of the road. The vehicle then left the west shoulder of the road and struck a tree, which was approximately two feet in diameter.

The crushing depth of the tree was approximately thirty inches into the passenger seat, so that the tree encroached into the passenger compartment area and reached the center console. The passenger was extricated from the vehicle and transported to a hospital, where he remained in the intensive care unit until December 13, 2003, when he died of the injuries he sustained during the accident. The defendant suffered a head wound. He was transported to a hospital, treated and released that evening.

On the basis of photographs, measurements and analysis by an accident reconstructionist, it was calculated that the vehicle was traveling at sixty-three miles per hour at the time it struck the tree. The speed limit on the road is twenty-five miles per hour, and a speed limit sign is posted 278 feet south of where the accident occurred. The defendant, therefore, passed the speed limit sign prior to driving off the road at almost three times the speed of the legal limit. There was no evidence that the defendant had ingested alcohol or any drug, legal or illegal, prior to or about the time of the accident.[1]

The defendant was charged with negligent homicide with a motor vehicle. He filed a motion under General Statutes § 54-76c to be adjudged a youthful offender.

[1] The defendant's blood alcohol level was not tested.

Pursuant to § 54-76d, the court denied the motion for two reasons. The court first concluded, as a matter of law, that the motor vehicle violation with which the defendant had been charged did not constitute a "crime," as that word has been understood in General Statutes § 54-76b, and, therefore, the defendant could not be adjudicated a youthful offender on the basis of this charge. The court also concluded that, even if negligent homicide with a motor vehicle were the type of violation that could support an adjudication as a youthful offender, the facts surrounding the defendant's commission of the violation were so serious and resulted in such severe consequences that it would be inappropriate to adjudge him a youthful offender.

Following the denial of his motion to be adjudged a youthful offender, the defendant chose to enter a conditional plea of nolo contendere on the charge of negligent homicide with a motor vehicle. The court canvassed the defendant to ensure that his plea was entered knowingly, intelligently and voluntarily, and the defendant responded to the court that his plea was so entered. There is no indication from the record, nor does the defendant now argue, that the defendant's plea was somehow conditional on his ability to challenge the court's ruling on his motion to be adjudged a youthful offender. On November 17, 2004, the court sentenced the defendant to six months incarceration, suspended after sixty days, and one year probation.[2] This appeal followed.

The defendant challenges both bases of the court's decision denying him youthful offender status. He claims that the court (1) improperly concluded that negligent homicide with a motor vehicle was not a "crime" that made him eligible for youthful offender status pursuant to § 54-76d and (2) abused its discretion

---

[2] The defendant has served his sentence and has been released.

in concluding that the violation he committed was of too serious a nature to permit him to be sentenced as a youthful offender. The defendant concedes that because he entered a plea of nolo contendere, he has no statutory right of appeal by which to challenge the court's denial of his motion to be adjudged a youthful offender. See *State* v. *Cedric S.*, 51 Conn. App. 539, 540, 722 A.2d 299 (1999). Nonetheless, the defendant requests that we invoke our supervisory authority to review the court's denial of his motion because the court's allegedly improper interpretation of the youthful offender statute has the potential to affect future youthful offender applicants and, therefore, resounds beyond the facts and circumstances of this particular case.

Our Supreme Court has indicated that "in the absence of a showing of good cause, an appellate court should decline to review an issue that has not been raised in accordance with the provisions of [General Statutes] § 54-94a [and] that such good cause is likely to be established only infrequently." *State* v. *Revelo*, 256 Conn. 494, 503, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001).[3] In order to determine whether the facts of a particular case warrant the exercise of our supervisory authority so as to review claims that fall outside the narrow scope of § 54-94a, we apply a three part test: (1) whether the defendant's claim gives rise to an important due process issue; (2) whether the undisputed facts of the case bear out the defendant's claim of a constitutional violation; and (3) whether declining to review the defendant's claim would permit a constitutionally suspect practice to continue or otherwise would permit the result to taint our judicial system. See id., 503–504; see also *State* v. *Chung*, 202 Conn. 39, 43–45, 519 A.2d 1175 (1987).

---

[3] "Section 54-94a allows a defendant to enter a plea of nolo contendere conditional on the right to take an appeal from the trial court's denial of a motion to suppress or motion to dismiss." *State* v. *Lasaga*, 269 Conn. 454, 479, 848 A.2d 1149 (2004).

Although we recognize that the defendant requests that we address a question of statutory interpretation over which there is some conflict, brought to the forefront in part because of this case; compare *State* v. *Sandra O.*, 51 Conn. App. 463, 464, 724 A.2d 1127 (1999) (trial court adjudicated defendant charged with reckless driving under § 14-222a youthful offender and Appellate Court did not address present issue) with *State* v. *Potter*, 49 Conn. Sup. 170, 175, 867 A.2d 158 (2004) (trial court denied youthful offender application, concluding violation of § 14-222a not a "crime" under youthful offender statute); any such interpretation is unlikely to alter the outcome of this defendant's case.[4] Here, the court did not rely on statutory interpretation alone in denying the defendant's application for youthful offender status; rather, the court also exercised its discretion in concluding that the circumstances surrounding the defendant's violation of § 14-222a were too serious to accord the defendant youthful offender status.[5]

After reviewing the record, we conclude that the defendant's claim does not meet the three prongs of the test set forth in *State* v. *Revelo*, supra, 256 Conn. 503–504, and we therefore decline to exercise our supervisory authority to address the question of statutory interpretation he raises.

The appeal is dismissed.

In this opinion the other judges concurred.

[4] To that extent, any opinion issued regarding the interpretation of the youth offender statute would be advisory in nature. "[W]e do not render advisory opinions. . . . [W]here the question presented is purely academic, we must refuse to entertain the appeal." (Internal quotation marks omitted.) *Echavarria* v. *National Grange Mutual Ins. Co.*, 275 Conn. 408, 419, 880 A.2d 882 (2005).

[5] General Statutes § 54-76d (b) provides in relevant part: "Upon termination of . . . examinations, investigation and questioning, the court, *in its discretion based on the severity of the crime* . . . shall determine whether [the] defendant is eligible to be adjudged a youthful offender. . . ." (Emphasis added.)