STATE OF CONNECTICUT *v.* MICHAEL CYR
(AC 27172)

Flynn, C. J., and Schaller and DiPentima, Js.

Argued February 13—officially released June 12, 2007

*Steven A. Tomeo*, with whom, on the brief, was *Lawrence W. Bates, Jr.*, for the appellant (defendant).

*Sarah Hanna*, special deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Lisa Herskowitz*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Michael Cyr, appeals from the judgment of conviction rendered following his conditional plea of nolo contendere to operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes (Rev.

to 2005) § 14-227a.[1] The plea followed the court's denial of the defendant's motion to dismiss. On appeal, the defendant claims that the court improperly denied his motion to dismiss because there was insufficient evidence that he was operating a motor vehicle within the meaning of the statute. We agree with the defendant and reverse the judgment of the trial court.

The parties submitted a joint stipulation of facts, which provides the sole factual record before us on review. The stipulation states that on February 28, 2005, at approximately 2:20 a.m., the defendant started his car with his remote starter from outside the vehicle. The defendant opened the driver's side door and sat in the driver's seat while the motor was running. At no time while in the vehicle did the defendant put the keys in the ignition or make use of any mechanical or electrical agency. The defendant was arrested on a charge of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of § 14-227a.

The defendant appeared before the court on May 2, 2005, and entered a plea of not guilty. On June 23, 2005, the defendant filed a motion to dismiss the charge against him on the ground that he was not operating a motor vehicle as alleged, which was denied by the court,

---

[1] General Statutes (Rev. to 2005) § 14-227a (a) provides: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content. For the purposes of this section, 'elevated blood alcohol content' means a ratio of alcohol in the blood of such person that is eight-hundredths of one per cent or more of alcohol, by weight.

*Cofield, J.*, on October 7, 2005. On September 27, 2005, the state filed a part B information charging the defendant as a third time offender under § 14-227a. On October 19, 2005, the court held a pretrial charging conference on the record, and both counsel gave their requests to charge the jury. The court granted the state's request to charge and denied the defendant's request. On October 24, 2005, the defendant filed a second motion to dismiss. On the same day, the parties filed a joint stipulation of facts, which included the fact that the defendant had started the car with a remote starter. On the basis of the stipulation of facts, the court denied the defendant's second motion to dismiss, ruling that the jury should determine whether the defendant's conduct constituted operation of a vehicle within the meaning of the statute. The parties and the court agreed that this ruling was dispositive of the case. The defendant entered a plea of nolo contendere pursuant to General Statutes § 54-94a[2] and pleaded guilty to the part B information. He was sentenced by the court, *Norko J.*, to three years incarceration, execution suspended after one year, three years probation and a $2000 fine.

I

We first dispose of the defendant's claim that the court improperly adopted the state's jury charge rather than the one he had requested. We will not review this claim because it does not fall within the narrow scope of § 54-94a, nor do the facts of this case establish good cause meriting exercise of our supervisory authority.

---

[2] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. . . ."

Under § 54-94a, a defendant may enter a plea of nolo contendere conditional on the right to appeal from a trial court's denial of a motion to suppress or from a denial of a motion to dismiss. *State* v. *Kelley*, 206 Conn. 323, 334, 537 A.2d 483 (1988). "[I]n the absence of a showing of good cause, an appellate court should decline to review an issue that has not been raised in accordance with the provisions of § 54-94a." *State* v. *Revelo*, 256 Conn. 494, 503, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001). Such good cause is only infrequently established. Id.; *State* v. *Lasaga*, 269 Conn. 454, 479, 848 A.2d 1149 (2004) ("[our Supreme Court] has been reluctant to invoke its authority to review an issue raised in connection with a conditional plea of nolo contendere when . . . that issue does not fall within the narrow scope of § 54-94a" [internal quotation marks omitted]).

The defendant argues that the facts of this case warrant such an extraordinary remedy because a sentence based on the state's representation of the law in its jury charge would constitute an ex post facto conviction in violation of his due process rights. We disagree.

We apply a three part test to determine whether a claim beyond the scope of § 54-94a warrants the exercise of this court's supervisory powers: (1) whether the defendant's claim gives rise to an important due process issue; (2) whether the undisputed facts of the case bear out the defendant's claim of a constitutional violation; and (3) whether declining to review the defendant's claim would permit a constitutionally suspect practice to continue or otherwise would permit the result to taint our judicial system. *State* v. *Potter*, 95 Conn. App. 89, 93, 894 A.2d 1063 (2006); see also *State* v. *Revelo*, supra, 256 Conn. 503–504.

After reviewing the record, we conclude that the defendant's claim does not meet the *Revelo* test. The

defendant does not assert that there was a procedural defect at the trial level that impaired his rights but, rather, he disputes the court's legal conclusion. Moreover, the defendant's requested jury charge had no practical effect because he never went to trial. See, e.g., *State* v. *Potter*, supra, 95 Conn. App. 94 (refusing to address defendant's claim when it was not sole factor in trial court's decision). We therefore decline to exercise our supervisory authority to address this claim.

## II

We now turn to the defendant's primary claim that the court improperly denied his motion to dismiss because the parties' stipulation of facts reveals that he was not operating the motor vehicle within the meaning of § 14-227a.[3]

"Our standard of review of a trial court's . . . conclusions of law in connection with a motion to dismiss is well settled. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Payne*, 100 Conn. App. 13, 19, 917 A.2d 43 (2007).

---

[3] We note that the defendant did not fully comply with Practice Book § 61-10, which requires the appellant to provide an adequate record to this court. See *State* v. *Brunetti*, 279 Conn. 39, 63, 901 A.2d 1 (2006), cert. denied, 549 U.S. 1212, 127 S. Ct. 1328, 167 L. Ed. 2d 85 (2007). "An adequate record generally includes either a memorandum of decision or a transcript signed by the trial judge; Practice Book § 64-1 . . . ." (Citations omitted.) *Kidwell* v. *Calderon*, 98 Conn. App. 754, 757, 911 A.2d 342 (2006). The defendant provided this court with an unsigned transcript of part of the proceedings. On occasion, we will entertain appellate review of an unsigned transcript when it sufficiently states the court's findings and conclusions. See *Tisdale* v. *Riverside Cemetery Assn.*, 78 Conn. App. 250, 254 n.5, 826 A.2d 232, cert. denied, 266 Conn. 909, 832 A.2d 74 (2003). Parties are cautioned to ensure timely compliance with Practice Book § 61-10.

"Pursuant to General Statutes § 54-56, a court may, at any time, upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial. . . . In determining whether the evidence proffered by the state is adequate to avoid dismissal, such proof must be viewed in the light most favorable to the state." (Internal quotation marks omitted.) *State* v. *Howell*, 98 Conn. App. 369, 378, 908 A.2d 1145 (2006).

The definition of operation derives from our case law. Neither § 14-227a nor any related statute defines operation of a motor vehicle. *State* v. *Haight*, 279 Conn. 546, 551, 903 A.2d 217 (2006). In *State* v. *Swift*, 125 Conn. 399, 6 A.2d 359 (1939), however, our Supreme Court approved a jury instruction that has emerged as the definition of operation in our jurisdiction: "A person operates a motor vehicle within the meaning of this statute, *when in the vehicle* he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle." (Emphasis added; internal quotation marks omitted.) Id., 403. In *State* v. *Ducatt*, 22 Conn. App. 88, 575 A.2d 708, cert. denied, 217 Conn. 804, 584 A.2d 472 (1990), this court employed the *Swift* definition by stating that "[a]n accused operates a motor vehicle within the meaning of General Statutes § 14-227a (a) when, while under the influence of alcohol or any drug and *while in the vehicle* and in a position to control its movements, he manipulates, for any purpose, the machinery of the motor or any other machinery manipulable from the driver's position that affects or could affect the vehicle's movement, whether the accused moves the vehicle or not." (Emphasis added.) *State* v. *Ducatt*, supra, 93. Our Supreme Court most recently applied the *Swift* definition, and noted its

endurance, in *State* v. *Haight*, supra, 551 ("[i]n *State* v. *Swift* [supra, 403] this court set forth the definition of 'operation' of a motor vehicle that our courts have applied since"). In *Haight*, the court held that the defendant's act of inserting keys into the ignition while in the vehicle constituted operation because such act alone or in sequence would set in motion the motive power of the vehicle. *State* v. *Haight*, supra, 555.

The defendant maintains that because he neither had the key in the ignition, nor took any other step while in the vehicle to engage its motive power, the state could not prove operation as required by the statute. The state argues that this case is controlled by *Haight* because the defendant's act of using the remote starter to engage the vehicle's engine is the functional equivalent of inserting the key into the ignition. According to the state, both are acts that alone or in sequence will set in motion the motive power of the vehicle. In light of the well established definition of operation and the state's failure to allege any facts that would warrant an expansion of that definition, we conclude that the court should have granted the defendant's motion to dismiss on the basis of the stipulated facts.

The facts before us plainly reveal that the defendant made use of the vehicle's mechanical or electrical agency only from outside the vehicle. The state attempts to equate the use of a remote starter to the insertion of keys into the ignition as constituting the first act that alone or in sequence would put the vehicle in motion. The state did not, however, allege or produce any evidence as to whether the defendant had the keys on his person when inside the vehicle or whether the vehicle was capable of motion without the keys.[4] Without those

---

[4] We note that the joint stipulation of facts states that "[a]t no time while in the vehicle did [the defendant] put the keys in the ignition." During oral argument, the state argued that this sentence implies that the defendant had the keys with him in the vehicle. The sentence, however, is ambiguous and can equally be read as implying that the keys were not in the vehicle at all.

facts, the state cannot establish such a sequence and, ultimately, cannot justify its prosecution.

Viewing the facts in the light most favorable to the state, we conclude that the state did not have sufficient evidence to continue prosecution and that the court should have granted the defendant's motion to dismiss.

The judgment is reversed and the case is remanded with direction to render judgment of not guilty.

In this opinion the other judges concurred.