STATE OF CONNECTICUT *v.* GUY CLAUSEN
(AC 27690)

Flynn, C. J., and Lavine and Pellegrino, Js.

Argued April 23—officially released July 3, 2007

*John F. Cocheo*, for the appellant (defendant).

*Sarah Hanna*, deputy assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Mary Jean Kanabis*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Guy Clausen, appeals from the judgment of conviction following his conditional plea of nolo contendere to operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. The plea followed the trial court's denial of the defendant's motion to dismiss, which the defendant claims on appeal was improper because he was not operating a motor vehicle at the time of his arrest.[1] We affirm the judgment of the trial court.

In the early morning hours of December 24, 2005, after failing multiple field sobriety tests administered by the police, the defendant was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a.

[1] The defendant also claims in one sentence, without citation to any authority and without any analysis, that there was no evidence of when he had consumed alcohol and, therefore, no evidence that the vehicle was operated by the defendant when the ratio of alcohol in his blood was greater than 0.08. Notwithstanding the inadequate briefing, this claim is not reviewable because it falls outside the scope of his motion to dismiss, which was limited to the issue of operation. "General Statutes § 54-94a expressly limits the issues to be considered on appeal to those concerning the correctness of the trial court's denial of a motion to suppress or a motion to dismiss." *State* v. *Jenkins*, 82 Conn. App. 802, 814 n.3, 847 A.2d 1044, cert. denied, 269 Conn. 915, 852 A.2d 745, cert. denied, 543 U.S. 1025, 125 S. Ct. 667, 160 L. Ed. 2d 503 (2004).

Thereafter, the defendant was transported to the Stonington police department, where two blood alcohol content tests were performed, indicating a blood alcohol level of 0.182 on the first test and a blood alcohol level of 0.171 on the second test. The defendant moved to dismiss the charge on the ground that he was not operating a motor vehicle within the meaning of the statute. Evidence was presented at the March 7, 2006 hearing on the defendant's motion to dismiss that the defendant had fallen asleep behind the steering wheel of his vehicle, with the engine running. The court, *Strackbein*, *J.*, denied the defendant's motion to dismiss. Subsequently, the defendant entered a conditional plea of nolo contendere pursuant to General Statutes § 54-94a, reserving the right to appeal from the denial of the motion to dismiss. The court, *McMahon*, *J.*, found the issue of operation to be dispositive. The defendant's plea was accepted by the court, and the defendant was sentenced. This appeal followed.

The defendant claims that the court improperly denied his motion to dismiss. He argues that the court's legal conclusion that he was operating the motor vehicle is incorrect because it was not supported by sufficient evidence. The defendant argues that he merely was asleep in his motor vehicle on a cold night with the motor running only to provide heat and power to run the radio.

"Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Citations omitted; internal

quotation marks omitted.) *State* v. *Wiggs*, 60 Conn. App. 551, 553–54, 760 A.2d 148 (2000).

The issue of operation of a motor vehicle was settled by our Supreme Court in *State* v. *Haight*, 279 Conn. 546, 903 A.2d 217 (2006). The *Haight* court held: "We previously have recognized Connecticut's unambiguous policy . . . [of] ensuring that our highways are safe from the carnage associated with drunken drivers. . . . In light of this policy and the fact that the insertion of a key into the ignition is an act . . . which alone or in sequence will set in motion the motive power of the vehicle . . . we conclude that the defendant's act of inserting the key into the ignition constituted operation of a motor vehicle within the meaning of § 14-227a (a)." (Citations omitted; internal quotation marks omitted.) Id., 555.[2]

The defendant, while intoxicated, was in the driver's seat of a motor vehicle while the engine was running. On the basis of *State* v. *Haight*, supra, 279 Conn. 546, and other controlling precedent, the defendant's actions constituted operation of a motor vehicle. See *State* v. *Wiggs*, supra, 60 Conn. App. 554–55 (defendant in driver's seat of vehicle with engine running sufficient to establish operation); *State* v. *Angueira*, 51 Conn. App. 782, 787, 725 A.2d 967 (1999) (defendant, unconscious in driver's seat of vehicle with engine running, operated vehicle); *State* v. *Ducatt*, 22 Conn. App. 88, 89, 575 A.2d 708 (same), cert. denied, 217 Conn. 804, 584 A.2d 472 (1990). Because there was sufficient evidence that the defendant operated his vehicle, the court properly denied his motion to dismiss.

The judgment is affirmed.

[2] The facts of the present case are readily distinguishable from our recent holding in *State* v. *Cyr*, 101 Conn. App. 701, 923 A.2d 772 (2007). In *State* v. *Cyr*, we were constrained by sparse stipulated facts. No key was used. Rather, a remote control device was used to start the car. Id., 703. However, there was no evidence that starting the car by use of such a remote control device could permit the vehicle to be set in motion unless a key was also used. Id., 708.