# STATE OF CONNECTICUT *v.* LIBORIO A.[1]
# (AC 26345)

Dranginis, Flynn and Dupont, Js.

*Argued November 16, 2005—officially released January 24, 2006*

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Roy S. Ward, with whom was Raymond W. Ganim, for the appellant (defendant).

Frederick W. Fawcett, supervisory assistant state's attorney, with whom, on the brief, were Jonathan C. Benedict, state's attorney, and Cornelius P. Kelly, senior assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Liborio A., appeals from the judgment of conviction, rendered after a trial to the court, of three counts of risk of injury to a child in violation of General Statutes § 53-21(a) (2),[2] one count of sexual assault in the first degree in violation of General Statutes 53a-70 (a) (2),[3] and one count of attempt

---

[2] General Statutes § 53-21 (a) provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony for a violation of subdivision (2) of this subsection." One of the counts of risk of injury to a child allegedly occurred prior to the 2002 amendment that made the crime a class B felony. See Public Acts 2002, No. 02-138. Prior to that amendment, the crime was a class C felony. That amendment has no bearing on the issues on appeal.

[3] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49[4] and 53a-70 (a) (2). On appeal, the defendant claims that the trial court improperly (1) concluded that the state presented sufficient evidence to support the conviction, (2) precluded examination of the victim and her brother on the issue of the victim's suspension from school and (3) denied the defendant access to the victim's records from her school and the department of children and families. We affirm the judgment of the trial court.[5]

The court reasonably could have found the following facts. The victim's paternal grandmother has lived with the defendant for more than thirty years, and the victim refers to the defendant as her "stepgrandfather." The victim, who was thirteen years old at the time of trial, testified that she was then in the eighth grade and lived with her mother and two brothers.

The first incident occurred when the victim's grandmother and the defendant resided on C Avenue. On the

---

[4] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[5] The defendant has failed to provide this court with a memorandum of decision or a transcript signed by the trial court, setting forth the court's findings of fact and conclusions of law, as required by Practice Book § 64-1. When the record does not contain either a written memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating the reasons for its decision, "this court frequently has declined to review the claims on appeal because the appellant has failed to provide the court with an adequate record for review." *Connecticut Light & Power Co.* v. *Gilmore*, 89 Conn. App. 164, 171 n.9, 875 A.2d 546 (2005). If there is an unsigned transcript on file in connection with an appeal, the claims of error raised by the defendant may be reviewed if this court determines that the transcript adequately reveals the basis of the trial court's decision. See id. Because we find that the transcript adequately reveals the basis of the court's decisions, we will review the claims of error raised by the defendant.

day in question, the victim was lying on her grandmother's bed watching television when the defendant entered the bedroom and closed the door. The victim's younger brother and her grandmother were cooking in the kitchen. The victim testified that the defendant, with his hand, touched her vagina and breasts over her clothing for a short time and then left the room.

The second and third incidents occurred when the grandmother and the defendant resided on O Street. The second incident occurred during an overnight visit between Thanksgiving and Christmas, 2002. As was customary during their overnight stays, the victim's younger brother placed a mattress on the living room floor on which he and the victim would sleep. After the victim's brother fell asleep, the defendant left the couch, where he had been watching television, and lay next to the victim on the mattress. The defendant touched the area of the victim's vagina over her clothing. The defendant then touched the victim's breasts under her clothing. The defendant placed his hand inside the victim's underwear and inserted his finger into the victim's vagina. After pulling down the victim's pajama pants and underwear, the defendant attempted to insert his penis into the victim's vagina. The defendant stopped and left the room when the grandmother, from her bedroom, called for him.

The third incident occurred several weeks later while the victim and her younger brother again were sleeping at their grandmother's house. After going to bed, the victim awoke and arose to go to the bathroom. As the victim approached the bathroom, the defendant was leaving the bathroom. The defendant, with his hand, touched the victim's breast over her clothing. The victim pushed his arm away, told the defendant "no" and proceeded to the bathroom.

I

The defendant claims that the evidence was insufficient to support his conviction on all counts. In support of his claim, the defendant repeatedly cites numerous inconsistencies between the victim's trial testimony and her prior statements, as well as inconsistencies between all of the prosecution witnesses' testimony. Nowhere in the defendant's brief does he allege that the state's evidence was insufficient as to a particular element of a crime of which he was convicted. The defendant's challenge to the sufficiency of the evidence, thus, is primarily a challenge to the credibility of the state's witnesses.

"The standard of review we apply to a claim of insufficient evidence is well established. In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Ledbetter*, 275 Conn. 534, 542, 881 A.2d 290 (2005).

"We note that the [finder of fact] must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical . . . to conclude that a basic fact or an inferred fact is true, the [fact finder] is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the

elements of the crime charged beyond a reasonable doubt." (Internal quotation marks omitted.) Id.

"Moreover, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . . In evaluating evidence, the [finder] of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The [finder of fact] may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Internal quotation marks omitted.) Id., 542–43. "On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [finder of fact's] verdict of guilty." (Internal quotation marks omitted.) Id., 543.

"Questions of whether to believe or to disbelieve a competent witness are beyond our review. As a reviewing court, we may not retry the case or pass on the credibility of witnesses. . . . Our review of factual determinations is limited to whether those findings are clearly erroneous. . . . We must defer to the [finder] of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) State v. Osoria, 86 Conn. App. 507, 514–15, 861 A.2d 1207 (2004), cert. denied, 273 Conn. 910, 870 A.2d 1082 (2005).

Here, the defendant's first claim, though labeled as a challenge to the sufficiency of the evidence, rests on an assessment of the witnesses' credibility. He claims that their credibility cannot be sustained because their

account of what happened is so incredible that their testimony cannot be believed. The arguments raised by the defendant on appeal with regard to the witnesses' credibility are arguments that the defendant properly raised at trial. They were for the court's consideration in determining what weight to afford the witnesses' credibility.

The court stated: "I've carefully considered each and every element of the case. The argument that was made that the absent—the absence of motive is one aspect of this case. I heard the testimony of the [defendant's] daughters, but I do not feel that their testimony was compelling. I just don't think that they believe that their father could commit a dastardly and egregious offense, so that—but I also would point out that their posture is not unusual. . . . I've carefully considered all of the evidence and found that the testimony of [the victim], I find it to be, highly credible and fully corroborated. The state has proven its case in each and every element of each of the offenses beyond a reasonable doubt, and I find the defendant guilty." The court found the victim's testimony credible and did not believe that the defendant's witnesses were credible. Because questions of whether to believe or to disbelieve a competent witness are beyond our review, we reject the defendant's argument.

## II

The defendant next claims that the court improperly refused to permit him to cross-examine the victim or her brother about the victim's suspension from school. The defendant claims that, by precluding those questions, the court unduly restricted his ability to cross-examine the witnesses against him in violation of his confrontation rights. We are not persuaded.

The following additional facts and procedural history are relevant to our resolution of the defendant's claim.

On March 4, 2004, the defendant learned that the victim was suspended from school and that she asked her uncle to attend a school meeting regarding the suspension so that her mother would not learn about the suspension. On the basis of that information, the defendant requested that the court afford him the opportunity to recall the victim and her brother and to cross-examine both regarding the victim's failure to disclose the suspension to her mother. The court, at first, deferred its ruling. The court later denied the defendant's request.

"[T]he sixth amendment to the [United States] constitution guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. . . . The primary interest secured by confrontation is the right to cross-examination. . . . This right, however, is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. . . . The trial court, in its discretion, may impose limitations on the scope of cross-examination, as long as the defendant has been permitted sufficient cross-examination to satisfy constitutional requirements. . . . The confrontation clause does not . . . suspend the rules of evidence to give the defendant the right to engage in unrestricted cross-examination." (Internal quotation marks omitted.) *State* v. *Howard F.*, 86 Conn. App. 702, 716, 862 A.2d 331 (2004), cert. denied, 273 Conn. 924, 871 A.2d 1032 (2005).

"We traditionally apply a two part analysis to determine whether a party has been deprived of effective cross-examination. First, we determine whether the defendant received the minimum opportunity for cross-examination of adverse witnesses required by the constitution. . . . If so, we then consider whether the trial court's restriction of cross-examination amounted to an abuse of discretion under the rules of evidence." (Internal quotation marks omitted.) Id.

"In determining whether a defendant's right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial. . . . The constitutional standard is met when defense counsel is permitted to expose to the jury the facts from which [the] jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. . . . To establish that the court abused its discretion, the defendant bears the burden of demonstrating that the restrictions that the court imposed on the cross-examination were clearly prejudicial. . . . Once we conclude that the court's ruling on the scope of cross-examination is not constitutionally defective, we will apply every reasonable presumption in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Internal quotation marks omitted.) Id., 716–17.

After a careful review of the record, we conclude that the defendant's ability to cross-examine the victim and her brother more than satisfied the constitutional standards. The defendant had ample opportunity to cross-examine both the victim and her brother. Defense counsel extensively cross-examined the victim on the inconsistencies between her testimony and a statement she gave to a sexual abuse counselor. The defendant also pointed out that the victim's testimony differed from what she first reported to a friend. That questioning of the victim probed her proclivity for duplicity, without any need for cumulative testimony about her desire to hide her suspension from school from her mother. Counsel subjected the victim's brother to an equally rigorous cross-examination regarding the differences in his testimony versus the statement that he

gave to police. In keeping with the theory of the defense throughout the trial, those questions focused on the credibility and reliability of the state's witnesses and the veracity of their accusations. The record reveals that the witnesses' credibility and character for truthfulness were tested adequately by defense counsel's rigorous cross-examination of the victim and her brother. As such, the defendant's opportunity for cross-examination satisfied the constitutional standards.

We now turn our attention to the second prong of the analysis, namely, whether the court's restriction of cross-examination amounted to an abuse of discretion under the rules of evidence. The defendant claims that the evidence was relevant to the victim's credibility and was not cumulative. The defendant argues that exclusion of such evidence in this case, where witness credibility was essential, clearly prejudiced the defendant.

"All relevant evidence is admissible, except as otherwise provided by the constitution of the United States, the constitution of this state, the Code or the General Statutes. Evidence that is not relevant is inadmissible." Conn. Code Evid. § 4-2. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is material to the determination of the proceeding more probable or less probable than it would be without the evidence." Id., § 4-1. Evidence is irrelevant if there is "such a want of open and visible connection between the evidentiary and principal facts that, all things considered, the former is not worthy or safe to be admitted in the proof of the latter." (Internal quotation marks omitted.) C. Tait, Connecticut Evidence (3d Ed. 2001) § 4.2.3, p. 204. "Relevant evidence may be excluded if its probative value is outweighed by . . . considerations of undue delay, waste of time or needless presentation of cumulative evidence." Conn. Code Evid. § 4-3.

Even if we assume that the evidence was relevant, the court was free to conclude that inquiry into the circumstances surrounding the victim's alleged failure to disclose her suspension to her mother merely was cumulative evidence of the victim's credibility. We do not agree that the court's conclusion was an abuse of discretion under the rules of evidence.[6]

### III

In the defendant's final claim, he asserts that the court improperly refused to disclose records from the department of children and families, as well as records from an educational institution attended by the victim. Specifically, the defendant asserts that those records may contain information regarding the victim's testimonial capacity. The defendant claims that the court's refusal to disclose such records violated his sixth amendment rights to compulsory process and to confrontation. We disagree.

"While we are mindful that the defendant's task to lay a foundation as to the likely relevance of records to which he is not privy is not an easy one, we are also mindful of the witness' legitimate interest in maintaining, to the extent possible, the privacy of her confidential records. . . . On review, we must determine whether the trial court's decision constituted an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *State* v. *Vargas*, 80 Conn. App. 454, 469–70, 835 A.2d 503 (2003), cert. denied, 267 Conn. 913, 840 A.2d 1175 (2004). "In making such a determination, this court must conduct an in camera inspection of

---

[6] The defendant's reliance on *State* v. *Ramirez*, 79 Conn. App. 572, 830 A.2d 1165, cert. denied, 267 Conn. 902, 838 A.2d 211, 212 (2003), is misplaced. In that case, there was no other evidence, except the proffered evidence, suggesting behavior on behalf of the victim that was inconsistent with the conduct of a sexual assault victim. Id., 590. In the present case, there was other evidence of the victim's credibility and character for truthfulness, thereby rendering the proffered evidence cumulative.

the sealed records." (Internal quotation marks omitted.) *State* v. *McKiernan*, 84 Conn. App. 31, 47, 851 A.2d 1198, cert. denied, 271 Conn. 915, 859 A.2d 573 (2004).

"The linchpin of the determination of the defendant's access to the records is whether they sufficiently disclose material especially probative of the ability to comprehend, know and correctly relate the truth . . . so as to justify breach of their confidentiality . . . . Whether and to what extent access to the records should be granted to protect the defendant's right of confrontation must be determined on a case by case basis. . . . [W]hen the trial court has reviewed the records in camera, access to the records must be left to the discretion of the trial court which is better able to assess the probative value of such evidence as it relates to the particular case before it . . . and to weigh that value against the interest in confidentiality of the records." (Citation omitted; internal quotation marks omitted.) *State* v. *Vargas*, supra, 80 Conn. App. 470.

We carefully have examined the challenged records. The information contained in the records would not shed light on the ability of the victim to comprehend, know and correctly relate the truth. We therefore conclude that the court did not abuse its discretion when it denied the defendant's request for access to the victim's confidential records.

The judgment is affirmed.

In this opinion the other judges concurred.