STATE OF CONNECTICUT *v.* JOHN L. HOWELL
(AC 26441)

Flynn, C. J., and Harper and Rogers, Js.

Argued September 25—officially released November 7, 2006

*Joshua Lanning*, with whom, on the brief, were *Ira B. Grudberg* and *Trisha M. Morris*, for the appellant (defendant).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *Joseph R. LaMotta*, assistant state's attorney, and *Rachel M. Leitze*, certified legal intern, for the appellee (state).

*Opinion*

FLYNN, C. J. The defendant, John L. Howell, appeals from the judgment of conviction, rendered after a jury trial, of operating of a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a) (1).[1] He also appeals from the judgment, rendered following a trial to the court, convicting him of being a third time offender in violation of General Statutes § 14-227a (g) (3).[2] On appeal, the

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor or any drug or both . . . ."

[2] General Statutes § 14-227a (g) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (3) for conviction of a third and subsequent violation within ten years after a prior conviction for the same offense, (A) be fined not less than two thousand dollars or more than eight thousand dollars, (B) be imprisoned not more than three years, one year of which may not be suspended or reduced in

defendant claims that (1) his conviction under § 14-227a (a) (1) is not supported by sufficient evidence and (2) the trial court improperly denied his motion to dismiss because there was insufficient evidence to prosecute him as a third time offender under § 14-227a (g) (3).

We conclude that the court properly submitted the driving under the influence case to the jury for its determination and that any inconsistencies in the evidence pertained to the weight, not the sufficiency, of the evidence. We further conclude that the court properly denied the defendant's motion to dismiss the part B information charging him with being a third time offender because the facsimile copy of a prior conviction sufficed to permit the court to find probable cause to continue the prosecution.

The following facts and procedural history are relevant to our consideration of the issues on appeal. After leaving work between 5:30 and 6 p.m. on December 3, 2003, the defendant went to a restaurant in New Haven, where he ate dinner and later admitted to drinking one martini. At approximately 7:30 p.m., the defendant left the restaurant and, as he was driving to his home in Branford, was involved in a collision with a vehicle driven by Brian Dostie. Upon colliding with Dostie's vehicle on West Main Street in Branford, the defendant continued to drive a short distance until he reached a nearby parking lot. Dostie reported the accident to the police, and a few minutes later, Officer Sean Rubano of the Branford police department, who was accompanied by his field training officer, arrived at the scene and approached the defendant's motor vehicle. Rubano

any manner, and sentenced to a period of probation requiring as a condition of such probation that such person perform one hundred hours of community service, as defined in section 14-227e, and (C) have such person's motor vehicle operator's license or nonresident operating privilege permanently revoked upon such third offense. . . ."

asked the defendant to produce his operator's license, and, during this exchange, Rubano noticed an odor of alcohol emanating from the defendant's breath. As a result, Rubano asked the defendant to recite the alphabet. The defendant, however, was unable to complete this request. Rubano also noticed that the defendant had slurred speech.

On the basis of these observations, Rubano requested that the defendant exit his motor vehicle, and he asked the defendant to perform three field sobriety tests. First, Rubano administered the horizontal gaze nystagmus test, in which the defendant was required to follow the movement of a horizontal stimulus with his eyes. Then, Rubano administered the walk and turn test, which required the defendant to walk heel to toe in a straight line for nine steps and then to pivot and walk an additional nine steps. Finally, Rubano administered the one legged stand test, in which the defendant had to raise one foot off the ground while counting aloud. After determining that the defendant failed the three field sobriety tests and was incapable of operating his vehicle safely, Rubano arrested the defendant and brought him to the police station. At the police station, Rubano read an implied consent advisory form to the defendant and requested that the defendant submit to a breath test. After speaking with his attorney, however, the defendant refused to submit to the breath test.

Thereafter, the state charged the defendant in a part A information with operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of § 14-227a (a) (1) and in a part B information with previously having been convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (g).[3] During the jury trial

---

[3] Initially, the state also charged the defendant with failing to produce insurance identification in violation of General Statutes § 14-213b. This charge, however, was later withdrawn.

on the part A information, Dostie and Rubano testified on behalf of the state, and the defendant testified in his defense. After a brief deliberation, the jury convicted the defendant on the part A information for violating § 14-227a (a) (1). Following his conviction, the defendant orally moved to dismiss the part B information and moved for a judgment of acquittal notwithstanding the verdict with regard to the part A information. The court denied the motions and, after a trial to the court on the part B information, made a guilty finding pursuant to § 14-227a (g). The court then sentenced the defendant to three years imprisonment, execution suspended after fifteen months, followed by three years of probation, and also ordered him to pay a fine of $2000. This appeal followed. Additional facts will be set forth where necessary.

I

The defendant's first claim on appeal is that the court improperly denied his motion for a judgment of acquittal because the evidence adduced at trial was insufficient to sustain his conviction of operating a motor vehicle while under the influence of intoxicating liquor. Specifically, the defendant argues that alleged evidentiary inconsistencies made it unreasonable for the jury to conclude beyond a reasonable doubt that he drove his vehicle while under the influence of liquor such that his mental, physical or nervous processes were so affected that he lacked the ability to operate his vehicle properly in violation of § 14-227a (a) (1). We disagree.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of

fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) *State* v. *Elsey*, 81 Conn. App. 738, 743–44, 841 A.2d 714, cert. denied, 269 Conn. 901, 852 A.2d 733 (2004). "In evaluating evidence, the trier of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Internal quotation marks omitted.) *State* v. *Jones-Richards*, 271 Conn. 115, 126, 855 A.2d 979 (2004).

"Our review is a fact based inquiry limited to determining whether the inferences drawn by the jury are so unreasonable as to be unjustifiable. . . . We do not sit as a [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. We have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility." (Internal quotation marks omitted.) *State* v. *Weisenberg*, 79 Conn. App. 657, 662, 830 A.2d 795, cert. denied, 266 Conn. 932, 837 A.2d 806 (2003).

Pursuant to § 14-227a (a) (1), "[a] conviction of operating a motor vehicle while under the influence of intoxicating liquor . . . requires proof [beyond a reasonable doubt] of (1) operation of a motor vehicle (2) on a public highway or one of the other designated areas (3) while under the influence of intoxicating liquor." *State* v. *Gordon*, 84 Conn. App. 519, 527, 854 A.2d 74, cert. denied, 271 Conn. 941, 861 A.2d 516 (2004). In the present case, the defendant does not dispute that he was operating a motor vehicle on a public highway. Rather, the defendant challenges the last element of

the statute by contending that there was insufficient evidence that he was operating the motor vehicle while under the influence of intoxicating liquor. "Driving while under the influence of liquor means, under the law of Connecticut, that a driver had become so affected in his mental, physical or nervous processes that he lacked to an appreciable degree the ability to function properly in relation to the operation of his vehicle." (Internal quotation marks omitted.) *State* v. *Pulaski*, 71 Conn. App. 497, 503, 802 A.2d 233 (2002).

The defendant claims that there was insufficient evidence from which the jury reasonably could have concluded that he violated § 14-227a (a) (1), citing several inconsistencies between the testimony at trial, and Rubano's police report and Dostie's police statement. However, the defendant, by focusing on inconsistencies in the witnesses' testimony, primarily is attacking the credibility of the witnesses. It is well settled that it is the exclusive province of the trier of fact "to weigh the conflicting evidence and determine the credibility of witnesses." (Internal quotation marks omitted.) *State* v. *Kondracki*, 51 Conn. App. 338, 342, 721 A.2d 567 (1998). Furthermore, "[t]he [jury] can . . . decide what—all, none or some—of a witness' testimony to accept or reject." (Internal quotation marks omitted.) *State* v. *Salmon*, 66 Conn. App. 131, 145, 783 A.2d 1193 (2001), cert. denied, 259 Conn. 908, 789 A.2d 997 (2002). "Questions of whether to believe or to disbelieve a competent witness are beyond our review." (Internal quotation marks omitted.) *State* v. *Liborio A.*, 93 Conn. App. 279, 284, 889 A.2d 821 (2006).

In the present case, the credibility of the witnesses was a question solely for the jury. The defendant had a full opportunity to testify and to cross-examine Dostie and Rubano. During cross-examination, defense counsel questioned Dostie concerning his failure to mention

in his police statement that he believed that the defendant was impaired, and Dostie replied that he did not include such information because he was not asked about it by the police. Dostie testified that he exited his vehicle after the collision, but the defendant claims this testimony is contrary to Dostie's police statement. The police statement does not contain an explicit comment as to whether Dostie exited his motor vehicle.

In addition, defense counsel queried Rubano about his failure to include in the police report his observation that the defendant's speech was slurred. Rubano replied that, although it is important to note in a report that a defendant had slurred speech, such information is not necessary. During direct examination, Rubano testified that prior to administering the field sobriety tests, he had asked the defendant whether he had any disabilities, and the defendant replied that he did not have any disabilities. In contrast, on cross-examination, Rubano stated that he did not recall whether the defendant had notified him of his arthritic condition, but the defendant testified that he had informed Rubano of his arthritis. The defendant further testified that he has an eye condition, which could have impaired his performance on the horizontal gaze nystagmus test.

Because "[s]uch credibility issues are typical grist for the [trier of fact's] mill"; (internal quotation marks omitted) *State* v. *Salmon*, supra, 66 Conn. App. 145; the jury was free to believe or disbelieve the testimony of Dostie and Rubano, as well as the testimony of the defendant. See *State* v. *Liborio A.*, supra, 93 Conn. App. 284. Thus, the defendant's challenge to the sufficiency of the evidence fails as long as a reasonable view of the evidence would support the jury's conclusion that the defendant operated a motor vehicle while under the influence of intoxicating liquor on a public highway in violation of § 14-227a (a) (1).

Construing the evidence in a light most favorable to sustaining the verdict, we conclude that the jury reasonably could have found that the cumulative force of the evidence established that the defendant was guilty beyond a reasonable doubt of operating a motor vehicle while under the influence of intoxicating liquor. Dostie testified that the defendant appeared impaired and spoke with slurred speech, and Rubano testified to these same observations, in addition to testifying about the defendant's failed field sobriety tests and refusal to submit to the breath test.[4] Accordingly, the court properly denied the defendant's motion for a judgment of acquittal.

II

The defendant's second claim is that the court improperly denied his oral motion to dismiss the part B information that charged him with being a repeat offender pursuant to § 14-227a (g) because the state's evidence at the pretrial hearing consisted, in part, of an uncertified, facsimile copy of his prior conviction, which the defendant alleges was insufficient evidence to continue the prosecution. We disagree.

"As a preliminary matter, we set forth the standard of review. A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the [state] cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to] grant . . . the motion to dismiss will be de novo." (Internal quotation

---

[4] In its charge to the jury, the court instructed the jury that if it found that the defendant refused to submit to a breath test, it could "make any reasonable inference" regarding the refusal. The defendant does not challenge this instruction on appeal.

marks omitted.) *State* v. *Haight*, 279 Conn. 546, 550, 903 A.2d 217 (2006). Pursuant to General Statutes § 54-56, a court "may, at any time, upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial."[5] "In determining whether the evidence proffered by the state is adequate to avoid dismissal, such proof must be viewed in the light most favorable to the state." *State* v. *Kinchen*, 243 Conn. 690, 702, 707 A.2d 1255 (1998).

Where a motion to dismiss an information against an accused is made prior to trial, only probable cause sufficient to justify the continued prosecution need be established. The "probable cause determination is, simply, an analysis of probabilities. . . . The determination is not a technical one, but is informed by the factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act. . . . The existence of probable cause does not turn on whether the defendant could have been convicted on the same available evidence. . . . Furthermore, we have concluded that proof of probable cause requires less than proof by a preponderance of the evidence." (Citation omitted; internal quotation marks omitted.) *State* v. *Brown*, 279 Conn. 493, 523, 903 A.2d 169 (2006). To establish probable cause, the state was not required to present evidence as to each of the elements of the offense in a form that would be admissible at a later trial. In *State* v. *Kinchen*, supra, 243 Conn. 702–703, our Supreme Court found information contained in a

---

[5] Practice Book § 41-8 provides in relevant part: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the information . . . (5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial . . . ."

written police report sufficient to establish probable cause to justify the continued prosecution of a defendant.

Following the defendant's conviction on the part A information, at the hearing on the defendant's motion to dismiss the part B information, the state produced evidence to establish the defendant's prior convictions of operating a motor vehicle while under the influence of intoxicating liquor in the form of a certified copy of the defendant's October, 1999 conviction and also a facsimile copy of the defendant's November, 1995 conviction, which was not certified. Prior to the commencement of the trial on the part B information, the defendant orally moved to dismiss the part B information, alleging that the facsimile copy of the 1995 conviction was not sufficient because it was not certified. The court denied the defendant's motion, and the court proceeded to the part B trial, at which time the state produced a certified copy of the November, 1995 conviction, as well as the October, 1999 conviction, to sustain its burden to prove that the January, 2005 conviction resulted in a third conviction in violation of the statute prohibiting driving under the influence.

Although on appeal the defendant argues that the facsimile copy of the 1995 conviction was insufficient evidence to justify proceeding to trial on the part B information, we conclude that the facsimile copy of the defendant's 1995 conviction did suffice to establish probable cause. Under Connecticut law and the Connecticut Code of Evidence, a multitude of methods exist by which a party can demonstrate the authentication of a document, and no single method represents the exclusive means of proving authenticity. For example, pursuant to § 9-1 (b) of the Connecticut Code of Evidence, some evidence, according to the common law or the General Statutes, is self-authenticating, and a witness need not provide foundational testimony to

establish its genuineness. The commentary to § 9-1 (b) provides a nonexhaustive list of self-authenticating documents.

Furthermore, § 9-1 (a) and its accompanying commentary contemplates a variety of additional authentication methods, such as authentication by the testimony of a competent witness with personal knowledge. The Connecticut Code of Evidence, however, does not provide a complete list of ways to authenticate a document. Section 9-3 of the Connecticut Code of Evidence specifies the authentication of public records, and the commentary states that public records, which are not certified, can be authenticated "simply by showing that the record purports to be a public record and comes from the custody of the proper public office." Conn. Code Evid. § 9-3, commentary; see also C. Tait, Connecticut Evidence (3d Ed. 2001) § 9.4.2, pp. 757–58.

At trial, alternate methods of authentication existed, and the state was not limited to authenticating the defendant's 1995 conviction by offering a certified copy. In any event, the state was not required to have in its hands a certified copy of the first conviction prior to trial. The facsimile copy furnished the defendant with notice of the date of the 1995 conviction, prior to the trial on the part B information, and, as a result, he was not prejudiced. We note that, at trial, the state presented adequate evidence, including certified copies of the defendant's 1995 and 1999 convictions.

We conclude that the information contained in the facsimile copy of the defendant's 1995 conviction, when viewed most favorably to the state, satisfies the sufficiency prong of § 54-56. Accordingly, the defendant was not entitled to a dismissal of the part B information, which alleged that he was twice convicted of operating a motor vehicle while under the influence of intoxicating

liquor in violation of § 14-227a (g) prior to the January, 2005 conviction.

The judgment is affirmed.

In this opinion the other judges concurred.