STATE OF CONNECTICUT *v.* DAVID SADOWSKI
(AC 34385)

DiPentima, C. J., and Gruendel and Peters, Js.

Argued October 10—officially released November 19, 2013

*David J. Reich*, assigned counsel, for the appellant (defendant).

*Jennifer F. Miller*, special deputy assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Christian Watson*, assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, David Sadowski, appeals from the judgment of conviction, rendered after a jury trial, of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a (a) (1).[1] On appeal, the defendant claims that the evidence was insufficient to

---

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle (1) while under the influence of intoxicating liquor or any drug or both . . . ."

sustain his conviction. We affirm the judgment of the trial court.

After a motor vehicle stop on January 27, 2010, the defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (a) (1).[2] The defendant pleaded not guilty and elected a jury trial. The jury found the defendant guilty of the aforementioned crime. The court rendered judgment in accordance with the verdict and the defendant was sentenced to three years incarceration, execution suspended after two years, with two years probation, and a $2000 fine. This appeal followed.

The defendant claims that the evidence was insufficient to sustain his conviction of operating a motor vehicle while under the influence of intoxicating liquor. The defendant further argues that the state had not introduced any evidence to demonstrate that he was impaired as a result of alcohol consumption, rather than the symptoms of his diabetes. We disagree.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . The trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Citation omitted; internal quotation marks omitted.) *State* v. *Howell*, 98 Conn. App. 369, 373–74, 908 A.2d 1145 (2006).

---

[2] The defendant faced additional charges arising out of this motor vehicle stop, but only the judgment of conviction of violating § 14-227a (a) (1) is relevant to the present appeal.

"Our review is a fact based inquiry limited to determining whether the inferences drawn by the jury are so unreasonable as to be unjustifiable." (Internal quotation marks omitted.) Id., 374. "This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) Id. "On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [finder of fact's] verdict of guilty." (Internal quotation marks omitted.) *State* v. *Fontaine*, 134 Conn. App. 224, 227, 40 A.3d 331, cert. denied, 304 Conn. 926, 41 A.3d 1051 (2012).

The elements of operating a motor vehicle while under the influence of intoxicating liquor, each of which the state must prove beyond a reasonable doubt, are: (1) that the defendant operated a motor vehicle at the place and time alleged; and (2) that the defendant was under the influence of intoxicating liquor. See General Statutes § 14-227a (a); see also *State* v. *Morelli*, 293 Conn. 147, 154, 976 A.2d 678 (2009). "[T]he jury must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Gary*, 273 Conn. 393, 405, 869 A.2d 1236 (2005).

The defendant stipulated that "he was driving a motor vehicle on a public highway in the Town of Newington on January 27, 2010." He challenges only the last element of the statute, which requires proof that he did so "while under the influence of intoxicating liquor . . . ." General Statutes § 14-227a (a). "Driving while under the influence of liquor means, under the law of Connecticut, that a driver had become so affected in his mental, physical or nervous processes that he lacked to an appreciable degree the ability to function properly in relation to the operation of his vehicle." (Internal quotation marks omitted.) *State* v. *Howell*, supra, 98 Conn. App. 375.

The jury heard the testimony of Officer Derek J. Aivano of the Newington Police Department and David Buono, a physician specializing in emergency medicine, of the Hospital of Central Connecticut in New Britain (hospital). Aivano testified that on January 27, 2010, he stopped the defendant on Cedar Street in Newington for driving too slowly[3] and for crossing the dashed line into the right lane. After stopping the vehicle and walking alongside the car to speak to the defendant, Aivano testified that he noticed the defendant put something into his mouth. He later discovered a pack of Listerine breath strips inside the passenger compartment of the vehicle within the defendant's reach.

Upon confronting the defendant in his car, Aivano noticed that the defendant's eyes were watery, which indicated to him a possible presence of alcohol. He also detected an odor of an alcoholic beverage inside the car, and later found an unsealed bottle of vodka in the passenger compartment of the vehicle. Aivano further testified that when asked for his operator's license, registration, and insurance, the defendant had difficulty

---

[3] The defendant was driving thirty miles per hour in a forty mile per hour zone.

locating his registration paperwork, and improperly identified his insurance information as his Connecticut identification card. Although the defendant notified Aivano of his diabetes, Aivano testified that the defendant never stated he was having a medical emergency or that he needed his insulin.

After observing and interacting with the defendant, Aivano testified that he felt it was necessary to determine whether the defendant was under the influence of intoxicating liquor. Therefore, after gathering the defendant's documentation, Aivano administered a pre-standardized field sobriety test to determine whether the defendant should exit the vehicle for further testing. Aivano asked the defendant to recite the alphabet, starting with the letter C and stopping at the letter T. The defendant recited some of the letters out of order and was thus unable to perform the test to standard. In addition, while the defendant was attempting to perform the prestandardized test, Aivano detected an odor of an alcoholic beverage on his breath, and noted that the defendant's speech was slurred. It was at this time that the officer requested the defendant to exit his vehicle in order to administer the field sobriety tests, which are used to determine a person's impairment.

The first test administered was the horizontal gaze nystagmus, where the defendant was required to follow the movement of a horizontal stimulus with his eyes. "Nystagmus is the inability of the eyes to maintain visual fixation on a stimulus when the eyes are turned to the side, often resulting in lateral jerking of the eyeball." (Internal quotation marks omitted.) *State* v. *Fontaine*, supra, 134 Conn. App. 228 n.3. According to Aivano's testimony and field notes, the defendant exhibited such behavior in both eyes in four out of the six horizontal gaze nystagmus based tests that were administered, indicating that he did not perform the tests to standard. The next field sobriety test administered was the walk

and turn test, which is "designed to divide the subject's attention, measure [his] ability to follow [the officer's] directions, and then physically perform the test . . . the way [he was] instructed to do so." When attempting to perform the test, the defendant lost his balance, took an incorrect number of steps, and was unable to follow the officer's instructions. Aivano then conducted the one-leg stand test, but when the defendant put his foot down on more than three occasions, he failed the test.

When the defendant could not perform the three field sobriety tests "to standard," Aivano arrested the defendant for driving while under the influence of intoxicating liquor. After transporting the defendant to the Newington Police Department and booking him, Aivano advised the defendant of his *Miranda* rights and requested that the defendant submit to a Breathalyzer test. The defendant refused to submit to such chemical testing.[4]

Aivano then conducted a postarrest interview, in which he asked the defendant questions about where the defendant was driving, where he was coming from, as well as general questions about the date and time. The defendant incorrectly answered questions about the direction he was travelling, the day, the time, and was unable to answer what highway he was driving on. The defendant reported that "he felt odd" with regard to his diabetes, so Aivano contacted the Newington Volunteer Ambulance to evaluate the defendant. As a result of the evaluation, the defendant was transported

---

[4] In its jury charge, the court instructed the jury that, "[i]f you find that the defendant did refuse to submit to such tests, you may, but are not required to make any reasonable inference that follows from that fact." Section 14-227a (e) provides in relevant part that "the court shall instruct the jury as to any inference that may or may not be drawn from the defendant's refusal to submit to a blood, breath or urine test." Thus, "[i]n that statute, the legislature has provided for a permissive inference that the jury may draw from evidence of the fact that the defendant refused to submit to a breath test." *State* v. *Weed*, 118 Conn. App. 654, 664, 984 A.2d 1116 (2009).

to the hospital. Buono testified about the defendant's evaluation at the hospital. The defendant's blood sugar level, normally around 100, was tested and was determined to be 206. According to Buono's testimony, however, the defendant's mild hyperglycemic condition would "not necessarily" cause the defendant to swerve in the roadway based only on his blood glucose level, would not cause the defendant to have an odor of alcoholic beverage on his breath, and lastly, would not cause the defendant to have difficulty performing field sobriety tests. Buono also testified that there is a very low possibility of dizziness from a 206 blood sugar level.

Buono further testified about the defendant's intoxication. At 3:44 a.m. on January 27, 2010, Buono testified that the defendant was not clinically intoxicated, but also stated that he was not aware of the defendant's condition at 1:39 a.m. when he was arrested. Buono explained that it is possible for a person to be under the influence and impaired to a level of intoxication, but two hours later not be clinically intoxicated. The reason, supplied by Buono, is that a person metabolizes blood alcohol at a certain rate, and "within a couple of hours [a person] can metabolize it down to not be clinically intoxicated." Thus, the jury could have reasonably found that the defendant was intoxicated at 1:39 a.m. when he was pulled over by Aivano, yet not intoxicated at 3:44 a.m. when Buono evaluated him.

Construing the evidence in a light most favorable to sustaining the verdict, we conclude that the jury reasonably could have found that the cumulative force of the evidence established that the defendant was guilty beyond a reasonable doubt of operating a motor vehicle while under the influence of intoxicating liquor. The jury further could have credited Buono's testimony and concluded that the defendant's impairment stemmed from intoxicating liquor, rather than a high

blood sugar level. We therefore conclude that the evidence was sufficient to sustain the defendant's conviction of operating a motor vehicle while under the influence of intoxicating liquor.

The judgment is affirmed.

In this opinion the other judges concurred.