## STATE OF CONNECTICUT *v.* SANDRA O.*
### (AC 17777)

Foti, Schaller and Sullivan, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued November 10, 1998—officially released January 5, 1999

*John Serrano*, for the appellant (defendant).

*James Ralls*, assistant state's attorney, with whom, on the brief, were *James Thomas*, state's attorney, and *John O'Reilly*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant appeals from the judgment of the trial court adjudicating her to be a youthful offender pursuant to General Statutes § 54-76g[1] for having committed the offense of reckless driving in violation of General Statutes § 14-222.[2] The defendant claims that

---

[1] General Statutes § 54-76g provides: "If the defendant enters a plea of guilty to the charge of being a youthful offender or if, after trial, the court finds that he committed the acts charged against him in the information or complaint, the court shall adjudge the defendant to be a youthful offender and the information or complaint shall be considered a nullity and of no force or effect."

[2] General Statutes § 14-222 provides in relevant part: "(a) No person shall operate any motor vehicle upon any public highway of the state . . . recklessly, having regard to the width, traffic and use of such highway . . . .

the evidence presented was insufficient to sustain her conviction of the underlying offense. We disagree and affirm the judgment of the trial court.

Initially, it must be noted that the record in this case contains neither a written memorandum of decision nor a transcribed and signed copy of the trial court's oral decision. See Practice Book § 64-1. The duty to provide this court with a record adequate for review rests with the appellant. See Practice Book § 61-10; *Statewide Grievance Committee* v. *Clarke*, 48 Conn. App. 545, 547, 711 A.2d 746, cert. denied, 245 Conn. 923, 717 A.2d 239 (1998). While we have often declined to review claims where the appellant has failed to provide us with an adequate record for review; see *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998); in this matter, we exercise our discretion to review the defendant's claim because the unsigned transcript is sufficient to reveal the basis of the trial court's factual conclusions.[3]

The trial court could reasonably have found the following facts. On September 1, 1997, at about 9 p.m.,

---

The operation of a motor vehicle upon any such highway . . . at such a rate of speed as to endanger the life of any person other than the operator of such motor vehicle . . . shall constitute a violation of the provisions of this section."

[3] The transcript does not contain a detailed and concise statement of the trial court's findings. The trial court merely stated: "All right. Well, based on what I have heard as testimony from the officer, it does appear that there was extensive damage to this car, even to the extent where the car was burned by fire caused as a result of this accident. There was not testimony as to specifically how the fire started but, obviously, it had to do with the—that it was a result of this accident and directly connected to that.

"Also . . . there was certainly a good deal of evidence, as the officer described, of objects that were destroyed by this car before it came to rest and, certainly, there were even injuries as a result of this.

"So, it does appear that there is sufficient evidence to indicate that the state had sustained its burden; that this defendant was driving in a reckless manner certainly in excess of the twenty-five mile posted limit and in excess of the appropriate conditions with respect to that particular area of Deercliff Drive."

the defendant was involved in a one car accident as she drove on Deercliff Road approaching Piggot Lane in the town of Avon. Before its intersection with Piggot Lane, there are signs on Deercliff Road warning that a hill and a curve lie ahead. Thereafter, there is a slight rise in the road followed by the crest of a bump. The road then drops rapidly toward the intersection of Piggot Lane. The posted speed limit on Deercliff Road is 25 miles per hour. The area has a history of accidents in which cars, traveling at excessive speeds, become airborne over the bump and leave the roadway, sometimes rolling over onto their sides as they land.

There was evidence that on the date in question, the defendant's car had traveled over the crest of the bump on Deercliff Road, become airborne, and bottomed out as it landed. Just past the crest of the hill, the investigating officer observed a deep gouge in the roadway where the car had hit the road. The impact was so severe that it fractured the vehicle's transmission case and radiator. This caused the vehicle's transfer case oil and antifreeze to discharge onto the roadway.

Following the impact, the defendant's car crossed into the oncoming lane of Deercliff Road and then left the roadway, coming to rest approximately 175 feet past the intersection. There were no skid marks, but a trail of debris marked the car's route. After the car left the roadway, it hit a large rock that weighed several hundred pounds. The impact was so great that the rock was pushed forward into an adjacent driveway. The car then continued farther, finally hitting two large trees measuring six to twelve inches in diameter. The driver and her three passengers exited the vehicle before it burst into flames.

The automobile was totally destroyed in the accident and ensuing fire. The defendant and her passengers

sustained injuries and had to be transported to a hospital for treatment. The defendant was charged with, and convicted of, reckless driving in violation of § 14-222. The sole issue on appeal is whether the cumulative effect of the evidence was sufficient to prove that the defendant had violated § 14-222 by operating her motor vehicle recklessly or at such a rate of speed as to endanger the life of another.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Torres*, 242 Conn. 485, 489, 698 A.2d 898 (1997). " 'On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [trier of fact's] verdict of guilty.' " Id., 490.

Section 14-222 provides in relevant part that "[n]o person shall operate any motor vehicle upon any public highway of the state . . . recklessly, having regard to the width, traffic and use of such highway . . . . The operation of a motor vehicle upon any such highway . . . at such a rate of speed as to endanger the life of any person other than the operator of such motor vehicle . . . shall constitute a violation of the provisions of this section." It is "reckless indifference to the safety of others which supplies the criminal intent necessary to warrant conviction." (Internal quotation marks omitted.) *State* v. *Camera*, 132 Conn. 247, 251, 43 A.2d 664 (1945). While speed alone may be insufficient to warrant a conviction for reckless driving, it may be taken into

consideration in conjunction with other circumstances to show a reckless disregard of consequences. See *State* v. *Mahalik*, 22 Conn. Sup. 400, 403, 173 A.2d 897 (1961). The defendant argues that the state proved neither speed nor a reckless mental state beyond a reasonable doubt.

"In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony." *Kimberly-Clark Corp.* v. *Dubno*, 204 Conn. 137, 153, 527 A.2d 679 (1987). As such, the trial court is free to accept or reject, in whole or in part, the evidence presented by any witness, having the opportunity to observe the witnesses and gauge their credibility. See *Baretta* v. *T & T Structual, Inc.*, 42 Conn. App. 522, 527, 681 A.2d 359 (1996). " 'In considering the evidence introduced in a case, [triers of fact] are not required to leave common sense at the courtroom door . . . nor are they expected to lay aside matters of common knowledge or their own observations and experience of the affairs of life, but, on the contrary, to apply them to the facts in hand, to the end that their action may be intelligent and their conclusions correct.' " *State* v. *Cintron*, 39 Conn. App. 110, 119, 665 A.2d 95 (1995).

Our review of the evidence, as well as the reasonable inferences that could be drawn from it, leads us to conclude that it was sufficient to justify the trial court's finding that the state had proven, beyond a reasonable doubt, a violation of the reckless driving statute. The evidence demonstrated that the defendant, as operator of the vehicle, ignored the posted warning signs, drove well in excess of the posted speed limit and operated her vehicle in such a reckless manner as to endanger the lives of her passengers. We conclude, therefore, that there was sufficient evidence for the trial court to have found the defendant guilty of reckless driving.

The judgment is affirmed.

In this opinion the other judges concurred.