# STATE OF CONNECTICUT *v.* ROSS LIVINGSTON MILLER JR.
## (AC 30466)

Bishop, Gruendel and Harper, Js.

Submitted on briefs May 20—officially released July 20, 2010

*John F. Cocheo*, filed a brief for the appellant (defendant).

*Michael L. Regan*, state's attorney, *Richard K. Greenalch, Jr.*, special deputy assistant state's attorney, and *Lonnie Braxton*, senior assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Ross Livingston Miller Jr., appeals from the judgment of conviction, rendered after a court trial, of reckless driving in violation of General Statutes § 14-222, evasion of responsibility in the operation of a motor vehicle in violation of General Statutes § 14-224 (b) and failure to obey a traffic control signal in violation of General Statutes § 14-299. He claims that (1) the evidence adduced at trial was insufficient to sustain his conviction of reckless driving and (2) his conviction of reckless driving was inconsistent with his acquittal on a charge of risk of injury to a child in violation of General Statutes § 53-21. We affirm the judgment of the trial court.

The court reasonably could have found the following facts. On the afternoon of February 10, 2007, Jennifer Johnson was driving her motor vehicle on Pequot Trail in Stonington. Also in the vehicle were her daughter, her sister and her sister's boyfriend. While stopped at a red traffic signal, she observed in her rearview mirror an automobile approaching at a high rate of speed that ultimately stopped close behind her. As Johnson testified at trial, the defendant was the operator of that vehicle and "was honking his horn, and he was flashing his lights and revving his car" while using hand gestures urging her to proceed. In response, Johnson pointed to

the red traffic signal. At that moment, the defendant's vehicle struck the rear of Johnson's vehicle. Johnson applied her brakes as the defendant's vehicle pushed hers into the middle of an intersection. The defendant then proceeded past Johnson's vehicle, at which point her sister wrote down the defendant's license plate number and contacted the police to report the incident.

The defendant subsequently was arrested and a court trial followed, at the conclusion of which the court found the defendant guilty of reckless driving, evasion of responsibility in the operation of a motor vehicle and one count of failure to obey a traffic control signal. The court acquitted the defendant of risk of injury to a child and failure to obey a traffic control signal, and thereafter sentenced him to a total effective term of six months incarceration, execution suspended after thirty days, with one year of probation. From that judgment, the defendant appeals.

I

The defendant claims that the evidence adduced at trial was insufficient to sustain his conviction of reckless driving.[1] We disagree.

"When reviewing sufficiency of the evidence claims, we [apply] a two part analysis. First, we construe the evidence in the light most favorable to sustaining the verdict. . . . Second, we determine whether, from that evidence and all the reasonable inferences which it yields, a [trier of fact] could reasonably have concluded that the defendant was guilty beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Wideman*, 36 Conn. App. 190, 202, 650 A.2d 571 (1994), cert. denied, 232 Conn. 903, 653 A.2d 192 (1995). Although "the [trier of fact] must find every element

---

[1] The defendant does not contest his conviction of evasion of responsibility in the operation of a motor vehicle and failure to obey a traffic control signal in this appeal.

proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense . . . each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the [trier of fact] to conclude that a basic fact or an inferred fact is true, the [trier of fact] is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Ledbetter*, 275 Conn. 534, 542, 881 A.2d 290 (2005), cert. denied, 547 U.S. 1082, 126 S. Ct. 1798, 164 L. Ed. 2d 537 (2006). In considering an allegation of evidential insufficiency, "we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [trier's] verdict of guilty." (Internal quotation marks omitted.) *State* v. *Bruno*, 293 Conn. 127, 136, 975 A.2d 1253 (2009).

Section 14-222 (a) provides in relevant part that "[n]o person shall operate any motor vehicle upon any public highway of the state . . . recklessly, having regard to the width, traffic and use of such highway . . . . The operation of a motor vehicle upon any such highway . . . at such a rate of speed as to endanger the life of any person other than the operator of such motor vehicle . . . shall constitute a violation of the provisions of this section. . . ." "It is reckless indifference to the safety of others which supplies the criminal intent necessary to warrant conviction" under § 14-222. (Internal quotation marks omitted.) *State* v. *Sandra O.*, 51 Conn. App. 463, 467, 724 A.2d 1127 (1999).

In their testimony, which it would serve no useful purpose to recount in detail, Johnson and her sister

described the incident with the defendant on the afternoon of February 10, 2007. Although the defendant argues that such testimony was not credible, such determinations are the exclusive province of the trier of fact. As this court has observed, "[i]n a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . As such, the trial court is free to accept or reject, in whole or in part, the evidence presented by any witness, having the opportunity to observe the witnesses and gauge their credibility." (Citation omitted; internal quotation marks omitted.) Id., 468. The court in the present case was free to believe the testimony of Johnson and her sister, which constituted evidence sufficient to establish reckless driving on the part of the defendant.

## II

The defendant also alleges that his conviction of reckless driving was inconsistent with his acquittal on the charge of risk of injury to a child. "[W]here the inconsistent verdicts claim involves a simultaneous conviction and acquittal on different offenses, the court, in testing the verdict of guilty for inconsistency as a matter of law, is necessarily limited to an examination of the offense charged in the information and the verdict rendered thereon without regard to what evidence the [trier of fact] had for consideration. . . . If the offenses charged contain different elements, then a conviction of one offense is not inconsistent on its face with an acquittal of the other." (Citations omitted; internal quotation marks omitted.) *State* v. *DeCaro*, 252 Conn. 229, 244, 745 A.2d 800 (2000).[2]

---

[2] We note that our Supreme Court recently held that claims of legal inconsistency between a conviction and an acquittal in criminal jury trials are not reviewable. *State* v. *Arroyo*, 292 Conn. 558, 586, 973 A.2d 1254 (2009), cert. denied, 559 U.S. 911, 130 S. Ct. 1296, 175 L. Ed. 2d 1086 (2010). In that decision, the court expressed "no opinion as to whether factually or legally inconsistent verdicts in cases tried solely to the court are permissible." Id., 584 n.21.

As earlier noted, § 14-222 requires the state to prove that the defendant operated a motor vehicle in a manner that was reckless with "regard to the width, traffic and use of [the] highway . . . ." General Statutes § 14-222 (a). By contrast, a conviction of risk of injury to a child requires proof that the defendant "wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered . . . ." General Statutes § 53-21 (a) (1). In *State* v. *Borrelli*, 94 Conn. App. 849, 861–62, 895 A.2d 257 (2006), this court held that "[r]isk of injury to a child . . . under § 53-21 (a) (1), contains elements that are entirely different from those of . . . reckless driving." Because each offense contains different elements, "a conviction on one is not inconsistent with an acquittal" on the other. Id., 862.

We further reject the defendant's contention that his conviction of reckless driving logically cannot be squared with his acquittal of risk of injury to a child. See *State* v. *DeCaro*, supra, 252 Conn. 243. On the charge of reckless driving, the court found beyond a reasonable doubt that "the defendant was operating his vehicle on a public highway of the state of Connecticut and that he intentionally struck the victim's car with his, pushing her car into an intersection. The defendant operated his car in a reckless manner with disregard for traffic and use of said highway . . . ." With respect to the charge of risk of injury to a child, the court similarly found that "[t]he defendant's conduct was unlawful or wilful. The defendant had the general intent to push the victim's car, ostensibly, out of his way, and there was a child under sixteen years of age in the car." The court nevertheless found that the requirement that "his behavior, in that moment, was likely to injure the life and limb of the child [had] not been proven beyond a reasonable doubt." On our review of the record, we

cannot say that the court's decisions were unreasonable or illogical.

The judgment is affirmed.